**Joseph M. McMullen (CSB 246757)**
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: (619) 501-2000
Fax: (619) 615-2264
Email: joe@jmm-legal.com

Attorney for Plaintiff William Carr

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO SHERIFF'S DEPARTMENT; JEFFREY CHU; JOE MCMANUS; and DOES 1-10, inclusive.<br><br>　　　　　Defendants. | Case No.: **'19CV1139 JLS  MDD**<br><br>**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**<br><br>1. **42 U.S.C. § 1983 – Illegal Arrest**<br>2. **42 U.S.C. § 1983 – Excessive Force**<br>3. **False Arrest**<br>4. **Negligence**<br>5. **Cal. Civil Code § 51.7 – Civil Rights Violations (Ralph Act)**<br>6. **Cal. Civil Code § 52.1 – Civil Rights Violations (Bane Act)** |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff William Carr, individually, for his Complaint against Defendants County of San Diego; San Diego Sheriff's Department; Jeffrey Chu; Joe McManus; and DOES 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3. On November 30, 2018, Plaintiff presented to the County of San Diego his Claims for Damages based on the acts, omissions, damages, and injuries herein complained of, pursuant to Government Code § 911.2. On January 16, 2019, Defendant County of San Diego sent Plaintiff a notice of rejection of claim.

## INTRODUCTION

4. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with County of San Diego Sheriff's deputy-involved detention and use of force of William Carr on July 15, 2018.

# PARTIES

5. At all relevant times, Plaintiff William Carr ("PLAINTIFF") was an individual residing in the County of San Diego, California.

6. At all relevant times, Defendant COUNTY OF SAN DIEGO ("COUNTY") is and was a duly organized public entity existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the County of San Diego Sheriff's Department and its agents and employees.

7. At all relevant times, COUNTY was the employer of Defendants Jeffrey Chu; Joe McManus; and DOES 1-10, inclusive.

8. Defendant Deputy JEFFREY CHU ("CHU") is a Sheriff's deputy employed by the County of San Diego Sheriff's Department. CHU was acting under color of law and within the course and scope of his duties as a deputy for the County of San Diego Sheriff's Department. CHU was acting within the complete authority and ratification of his principal, Defendant COUNTY.

9. Defendant Deputy JOE MCMANUS ("MCMANUS") is a Sheriff's deputy employed by the County of San Diego Sheriff's Department. MCMANUS was acting under color of law and within the course and scope of his duties as a deputy for the County of San Diego Sheriff's Department. MCMANUS was acting within the complete authority and ratification of his principal, Defendant COUNTY.

10. Defendants DOES 1-6 ("DOE DEPUTIES") are Sheriff's deputies for the County of San Diego Sheriff's Department. DOE DEPUTIES were acting under color of law within the course and scope of their duties as deputies for the County of San Diego Sheriff's Department. DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

11. Defendants DOES 7-8 are supervisory deputies for the County of San Diego Sheriff's Department who were acting under color of law within the course and scope of their duties as supervisory deputies for the County of San Diego Sheriff's Department. DOES 7-8 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

12. Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the County of San Diego Sheriff's Department who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the County of San Diego Sheriff's Department. DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

13. On information and belief, Defendants CHU, MCMANUS, and DOES 1-10 were residents of the County of San Diego.

14. In doing the acts, and failing and/or omitting to act as hereinafter described, Defendants CHU, MCMANUS, and DOES 1-6 were acting on the implied and actual permission and consent of Defendants COUNTY and DOES 7-10.

15. In doing the acts, and failing and/or omitting to act as hereinafter described, Defendants CHU, MCMANUS, and DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

16. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to PLAINTIFF, who otherwise sues these Defendants by such fictitious names. PLAINTIFF will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

17.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and/or employment of each and every Defendant.

18.     All of the acts and omissions complained of herein by PLAINTIFF against Defendants were done and performed by said Defendants, by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

19.     Defendants CHU, MCMANUS, and DOES 1-10 are sued in their individual capacities.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

20.     PLAINTIFF repeats and re-alleges each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     PLAINTIFF is a 31-year-old Type 1 Diabetic who treats his diabetes with the assistance of a state-of-the-art insulin pump.

22.     Diabetes is a disorder of the endocrine system that affects over 29 million Americans and is characterized by high blood glucose (sugar) levels resulting from defects in insulin secretion, insulin inaction or both.

23.     In Type 1 Diabetes, the pancreas stops making insulin or makes only a tiny amount.  A person with Type 1 Diabetes must receive insulin from an outside source (typically through injections or use of an insulin pump) in order to survive.

24.     Insulin can lower blood glucose too much, leading to a potentially life-threatening condition known as hypoglycemia.  The medical definition of hypoglycemia is a blood glucose reading of 70 mg/dL or lower.  Symptoms of mild to moderate hypoglycemia include tremors, sweating, lightheadedness, confusion,

and drowsiness.  Hypoglycemia usually can be treated easily and effectively by consuming a ready source of glucose such as fruit juice.  If it is not treated promptly, however, hypoglycemia can become severe and potentially life-threating.  Symptoms of severe hypoglycemia include inability to swallow, convulsions or unconsciousness.

25. According to the American Diabetes Association, all people with Type 1 Diabetes will experience hypoglycemia.  It is simply not possible with current diabetes treatment to regulate blood glucose levels as tightly as people without diabetes do naturally.

26. Severe hypoglycemia is a serious medical problem, and will impair an individual's ability to perform almost any task until the individual's blood glucose has been restored to a normal level.

27. On July 15, 2018, after attending a service and drumming in the band at the Light Church in Encinitas, California, PLAINTIFF felt his blood glucose level falling, so he went to a nearby diner for a quick snack.

28. When the diner's staff attended to PLAINTIFF he appeared to be in medical distress, so the manager called 911 for assistance.

29. At approximately 6:45 p.m., several County of San Diego Sheriff's deputies, including DEFENDANTS CHU, MCMANUS, and DOE DEPUTIES arrived at the diner.

30. When DEFENDANTS arrived, PLAINTIFF was slumped over in his chair at the diner's lunch counter.

31. Prior to DEFENDANTS making contact with PLAINTIFF, DEFENDANTS had information that PLAINTIFF was in medical distress from a physical disability.

32. Before he descended even further into a fog of confusion, PLAINTIFF managed to state that he was diabetic and needed some sugar.

33. At one point, PLAINTIFF even asked DEFENDANTS if someone would check his blood sugar.

34. Instead of assisting PLAINTIFF, DEFENDANTS unreasonably detained and/or arrested PLAINTIFF, and used excessive and unreasonable force, causing PLAINTIFF serious physical and emotional injuries, pain and suffering.

35. Without reasonable suspicion to believe PLAINTIFF had or was going to violate the law, or probable cause to arrest PLAINTIFF, Defendants CHU, MCMANUS, and DOE DEPUTIES approached the African-American 31-year-old PLAINTIFF seated at the diner's counter and engaged him.  No crime was committed by PLAINTIFF, nor did the deputies reasonably perceive that a crime was about to be committed.

36. At no time did PLAINTIFF actively resist DEFENDANTS, nor did he act aggressively toward DEFENDANTS or toward anyone else.

37. At no time did PLAINTIFF pose an immediate threat to the safety of DEFENDANTS or to anyone else.

38. At no time did PLAINTIFF attempt to evade arrest by flight.

39. Without any reasonable justification or cause, DEFENDANTS surrounded PLAINTIFF, forcibly headlocked him and slammed him to the ground. One of the DEFENDANTS, Defendant CHU, even removed his taser, thrust the two electrode contacts directly into PLAINTIFF's back, and delivered a 1200 volt charge into his body.  PLAINTIFF cried out in excruciating pain.  One witness described the tasing and screams as sounding like someone "torturing a child."

40. DEFENDANTS then dragged PLAINTIFF outside the diner onto the curb in handcuffs.

41. Emergency Medical Technicians responded to the scene, immediately administered dextrose sugar to PLAINTIFF, and confirmed to DEFENDANTS that PLAINTIFF's blood sugar had fallen to a dangerously low level consistent with the loss of consciousness.  Despite the fact PLAINTIFF never acted aggressively

with deputies or others that day, nor was he suspected of committing any crime, DEFENDANTS forced PLAINTIFF to endure further humiliation by sitting handcuffed on the curb in the middle of his Encinitas community on a Sunday and then refused to remove his handcuffs as he was taken to the hospital in an ambulance.

42. Defendant MCMANUS cited PLAINTIFF for two misdemeanors, trespassing and resisting peace officers, both of which the District Attorney's Office declined to prosecute. Plaintiff suffered serious physical and emotional injuries as a result of the unlawful arrest and excessive force inflicted upon him by deputies for no other reason than being a Diabetic experiencing a low blood glucose episode.

43. This civil complaint can be summarized as follows:

| Count | Claim | Defendants |
| --- | --- | --- |
| 1 | 42 U.S.C. § 1983 / Fourth Amendment (Illegal Detention and Arrest). | Deputy Jeffrey Chu; Deputy Joe McManus; Does 1-5 |
| 2 | 42 U.S.C. § 1983 / Fourth Amendment (Excessive Force). | Deputy Jeffrey Chu; Deputy Joe McManus; Does 1-5 |
| 3 | False Arrest | All Defendants |
| 4 | Negligence | All Defendants |
| 5 | California Civil Code § 51.7 (Ralph Act) | All Defendants |
| 6 | California Civil Code § 52.1 (Bane Act) | All Defendants |

# FIRST CLAIM FOR RELIEF
**Fourth Amendment – Illegal Detention and Arrest (42 U.S.C. § 1983)**
(Against Defendants CHU, MCMANUS, and DOE DEPUTIES)

44. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. Defendants CHU, MCMANUS, and DOE DEPUTIES had no information that PLAINTIFF had committed any crime, had no information that PLAINTIFF had any outstanding wants or warrants, and had no information that PLAINTIFF had harmed any person. DEFENDANTS did, however, have constructive and actual knowledge that PLAINTIFF was in medical distress as a result of his Diabetes. Defendants CHU, MCMANUS, and DOE DEPUTIES unreasonably detained and arrested PLAINTIFF without reasonable suspicion or probable cause.

46. When DEFENDANTS engaged, detained, headlocked, tased, and restrained PLAINTIFF for at least 30 minutes, and otherwise restricted PLAINTIFF's liberty and freedom of movement, they violated PLAINTIFF's right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution.

47. The conduct of DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants CHU, MCMANUS, and DOE DEPUTIES.

48. As a result of their misconduct, DEFENDANTS are liable for PLAINTIFF's injuries because they were an integral participant and/or because they failed to intervene to prevent the wrongful detention and arrest of PLAINTIFF.

49. PLAINTIFF seeks damages for his physical and emotional injuries, including his pain and suffering. PLAINTIFF also seeks attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF
**Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**
(Against Defendants CHU, MCMANUS, and DOE DEPUTIES)

50. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51. The Fourth Amendment to the United States Constitution provides the right of every person to be free from the use of excessive force by police officers.

52. When Defendants CHU, MCMANUS, and DOE DEPUTIES arrived on scene, they had no information that PLAINTIFF had committed any crime and no information that PLAINTIFF had injured or threatened to harm anyone. DEFENDANTS had reason to know and/or did know that PLAINTIFF was in medical distress due to Diabetic low blood sugar episode. Rather than acting reasonably by responding to the call in a manner conducive to assisting someone who is in medical distress, DEFENDANTS improperly treated PLAINTIFF as if he had committed a serious crime or as if he was actively resisting deputies, which he did not do.

53. PLAINTIFF never threatened anyone, made no aggressive movements toward anyone, made no furtive gestures, and no physical movements that would reasonably suggest to DEFENDANTS that PLAINTIFF was attempting, willing, or intending to inflict harm on any person or flee.

54. Defendants CHU, MCMANUS and DOE DEPUTIES used excessive force against PLAINTIFF when without warning or justification they unnecessarily and unreasonably headlocked PLAINTIFF, slammed PLAINTIFF to the ground

with force and violence, tased PLAINTIFF, dragged PLAINTIFF out of the restaurant in handcuffs, and restrained PLAINTIFF in handcuffs for at least 30 minutes.  DEFENDANTS' acts and omissions deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution.

55. The conduct of DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants CHU, MCMANUS, and DOE DEPUTIES.

56. As a result of their misconduct, PLAINTIFF suffered great physical pain and suffering, as well as emotional injuries including severe emotional distress and humiliation.  DEFENDANTS are liable for PLAINTIFF's injuries because they were an integral participant and/or because they failed to intervene to prevent these violations.

57. PLAINTIFF seeks damages for his physical and emotional injuries, including his pain and suffering.  PLAINTIFF also seeks attorneys' fees and costs under this claim.

### THIRD CLAIM FOR RELIEF
**False Arrest / False Imprisonment**
(Against All Defendants)

58. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as if fully set forth herein.

59. Defendants CHU, MCMANUS, and DOE DEPUTIES, while working as Deputies for the County of San Diego Sheriff's Department and acting within the course and scope of their duties, intentionally deprived PLAINTIFF of his freedom of movement by use of force, threats of force, violence, menace, and

unreasonable duress. Defendants CHU, MCMANUS, and DOE DEPUTIES detained PLAINTIFF without reasonable suspicion and arrested him without probable cause.

60. PLAINTIFF did not knowingly or voluntarily consent to being detained or arrested.

61. Defendants CHU, MCMANUS, and DOE DEPUTIES detained PLAINTIFF for an appreciable amount of time by engaging PLAINTIFF, headlocking PLAINTIFF, slamming PLAINTIFF to the ground, tasing PLAINTIFF, handcuffing PLAINTIFF, dragging PLAINTIFF out of the diner; leaving PLAINTIFF on the curb in handcuffs after EMTs confirmed his life-threatening low blood glucose level, and refusing to remove his handcuffs for over 30 minutes even as he was taken to the hospital.

62. The conduct of CHU, MCMANUS, and DOE DEPUTIES was a substantial factor in causing the harm to PLAINTIFF.

63. Defendant COUNTY is vicariously liable for the wrongful acts of Defendants CHU, MCMANUS, and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

64. The conduct of Defendants CHU, MCMANUS, and DOE DEPUTIES was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFF, entitling PLAINTIFF to an award of exemplary and punitive damages.

65. As a result of his misconduct, Defendants CHU, MCMANUS, and DOE DEPUTIES are liable for PLAINTIFF's injuries, either because they were an integral participant in the wrongful detention and arrest, and/or because they failed to intervene to prevent these violations.

## FOURTH CLAIM FOR RELIEF
### Negligence
(Against All Defendants)

66. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth herein.

67. Sheriff's deputies, including Defendants CHU, MCMANUS, and DOE DEPUTIES, have a duty to use reasonable care to prevent unjustified harm or injury to others. This duty includes using appropriate tactics and not using any force unless reasonably necessary.

68. DEFENDANTS breached this duty of care. Upon information and belief, the actions and inactions of DEFENDANTS were negligent and reckless, including but not limited to:

    a. The failure to properly and adequately assess the need to detain, arrest and use violent force against PLAINTIFF;

    b. The failure to consider clear warnings and indicators that a person is suffering from a Diabetic low blood sugar episode, and/or the failure to use proper tactics and techniques on a person clearly in medical distress;

    c. The unjustified use of a taser in drive-stun mode to deliver a painful high voltage jolt into the back of a person who is not actively resisting or presenting any threat to the safety of officers or to others;

    d. The negligent tactics and handling of the situation with PLAINTIFF, including post-force negligence.

69. As a direct and proximate result of DEFENDANTS' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer physical injuries, severe pain and suffering. Also, as a direct and

proximate result of DEFENDANTS' conduct as alleged above, PLAINTIFF has suffered severe emotional distress and mental anguish.

70.  Defendant COUNTY is vicariously liable for the wrongful acts of Defendants CHU, MCMANUS, and DOE DEPUTIES, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### FIFTH CLAIM FOR RELIEF
**Cal. Civil Code § 51.7 (The Ralph Act)**
(Against All Defendants)

71.  PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 70.

72.  PLAINTIFF alleges that DEFENDANTS used violence on and intimidated PLAINTIFF, because of a perceived disability, when without warning or justification DEFENDANTS unnecessarily and unreasonably headlocked PLAINTIFF, slammed PLAINTIFF to the ground with force and violence, tased PLAINTIFF, dragged PLAINTIFF out of the restaurant in handcuffs, and restrained PLAINTIFF in handcuffs for at least 30 minutes.

73.  California Civil Code § 51.7 (the Ralph Act) declares that all persons have the right to be free from violence or intimidation because of their disability, or because they are perceived by another to have a disability.

74.  DEFENDANTS used violence and intimidation against PLAINTIFF.

75.  PLAINTIFF has Type 1 Diabetes, a disability under the Americans with Disabilities Act.[1]

---

[1] *See, e.g., Fraser v. Goodale*, 342 F.3d 1032, 1038 (9th Cir. 2003) ("We have little difficulty in concluding that diabetes is a 'physical impairment' under the ADA.").

76. As a result of his Diabetes-induced low blood sugar, PLAINTIFF was physically unable to promptly comply with DEFENDANTS in the manner they wished.

77. DEFENDANTS used violence and intimidation because they perceived PLAINTIFF's disability, were motivated by it, or because of a bias against it.

78. Defendant COUNTY OF SAN DIEGO is vicariously liable for the wrongful acts of DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

79. Defendants DOES 7 through 10 are vicariously liable under California law and the doctrine of *respondeat superior.*

80. The conduct of DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to Defendants CHU, MCMANUS and DOE DEPUTIES.

81. Under the provisions of California Civil Code § 52(b), DEFENDANTS are liable for punitive damages for each violation of Civil Code § 51.7, reasonable attorneys' fees and an additional $25,000.00.

82. PLAINTIFF seeks compensatory damages including for his physical injuries, pain and suffering, and severe emotional distress, punitive damages, and attorneys' fees and costs under this claim.

## SIXTH CLAIM FOR RELIEF
### Cal. Civil Code § 52.1 (The Bane Act)
(Against All Defendants)

83. PLAINTIFF realleges and incorporates by reference each and every allegation in paragraphs 1 through 82.

84. Section 52.1 of the California Civil Code (the Bane Act), whether or not acting under color of law, prohibits interference by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, the exercise or enjoyment by an individual of rights secured by the Constitution or laws of the United States, or the rights secured by the Constitution or laws of the State of California.

85. PLAINTIFF alleges that DEFENDANTS, while working for the COUNTY and acting within the course and scope of their duties, intentionally committed acts of violence, threats, intimidation, and coercion against PLAINTIFF, including when without warning or justification DEFENDANTS unnecessarily and unreasonably headlocked PLAINTIFF, slammed PLAINTIFF to the ground with force and violence, tased PLAINTIFF, dragged PLAINTIFF out of the restaurant in handcuffs, and restrained PLAINTIFF in handcuffs for at least 30 minutes, and by integrally participating and/or failing to intervene in the above acts, which interfered with PLAINTIFF's exercise and/or enjoyment of his rights secured by the Constitution and/or laws of the United States, and of the rights secured by the Constitution and/or laws of the State of California.

86. When DEFENDANTS used excessive and unreasonable force against PLAINTIFF, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

87. On information and belief, DEFENDANTS intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his

civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

88. On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by Defendants CHU, MCMANUS and DOE DEPUTIES were intended to discourage him from exercising the above civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

89. Defendants CHU, MCMANUS and DOE DEPUTIES successfully interfered with the above civil rights of PLAINTIFF.

90. The conduct of DEFENDANTS was a substantial factor in causing PLAINTIFF's harms, losses, injuries and damages.

91. COUNTY is vicariously liable for the wrongful acts of Defendants CHU, MCMANUS and DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

92. Defendants DOES 7 through 10 are vicariously liable under California law and the doctrine of *respondeat superior*.

93. The conduct of DEFENDANTS was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's rights, justifying an award of exemplary and punitive damages as to Defendants CHU, MCMANUS and DOE DEPUTIES.

94. PLAINTIFF seeks compensatory damages including for his physical injuries, pain and suffering, and severe emotional distress, punitive damages, and attorneys' fees and costs under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff WILLIAM CARR requests entry of judgment in his favor and against COUNTY OF SAN DIEGO; SAN DIEGO SHERIFF'S DEPARTMENT; JEFFREY CHU; JOE MCMANUS; and DOES 1-10, inclusive, as follows:

1. For compensatory damages in whatever amount may be proven at trial, which include physical injuries, pain and suffering, severe emotional distress and mental anguish;
2. For punitive damages against only the individual defendants in an amount to be proven at trial;
3. For statutory damages;
4. For reasonable attorneys' fees, including litigation expenses;
5. For costs incurred in this lawsuit;
6. For prejudgment interest; and
7. For such other relief that the Court deems just, proper, and appropriate.

Respectfully submitted,

Dated: June 17, 2019
*/s/ Joseph M. McMullen*
Joseph M. McMullen (SBN 246757)
Attorney for Plaintiff William Carr

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all causes of action.

Respectfully submitted,

Dated: June 17, 2019
*/s/ Joseph M. McMullen*
Joseph M. McMullen (SBN 246757)
Attorney for Plaintiff William Carr