Joseph M. McMullen, Esq. (SBN 246757)
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, California 92101
Telephone: (619) 501-2000
Facsimile: (619) 615-2264
E-Mail: joe@jmm-legal.com

Attorney for Plaintiff William Carr

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO SHERIFF'S DEPARTMENT; JEFFREY CHU; JOE MCMANUS; and DOES 1-10,<br><br>    Defendants. | Case No. 19-cv-1139-JLS-MDD<br><br>**DECLARATION OF JOSEPH M. MCMULLEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT JOSEPH MCMANUS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(5) [ECF 13]**<br><br>Date:  December 5, 2019<br>Time:  1:30 p.m.<br>Judge: Hon. Janis L. Sammartino<br>Ctrm:  4D (4th Fl. Schwartz) |

I, Joseph M. McMullen, declare:

1. I am the attorney of record for Plaintiff William Carr in this action. I have personal knowledge of the facts contained in this declaration and would be competent to testify thereto if called as a witness.

2. On June 28, 2019, I asked County Counsel Kate Jones in an email, "Please let me know if you will be representing Deputy Chu and Deputy McManus, and whether you accept service of the summons and complaint on their behalf."

3. On July 5, 2019, five days before the County's response to the Complaint was due, in an email Ms. Jones conditioned her acceptance of service for the individual defendants on Plaintiff agreeing to a 60-day extension of the County's deadline to respond:

1

"I will accept service on behalf of Deputies Chu and McManus if you will stipulate the [sic] all Defendants – including the County of San Diego – will have 60 days from today's date to respond to the complaint."

4. Via email, I agreed to the extension only if the parties agreed that there would only be an answer filed in response to the complaint, and no motions under Rule 12.

5. The parties did not reach a stipulation.

6. As reflected in his affidavit, on July 26, 2019, R.T. Hansell of San Diego Service of Process LLC went to the San Diego Sheriff Department's Encinitas Substation, where Deputy McManus was assigned, to serve him with copies of the summons and complaint, and San Diego Sheriff's Department employee Mary Housley indicated she could accept service of the documents.

7. The following week, on August 1, 2019, Ms. Jones wrote me a letter expressing her belief that "this is not effective service and we will not be filing any responsive pleadings unless and until proper service is effectuated." She also indicated she would waive service on Deputy McManus' behalf, which at that point would push his response deadline out to October 2019.

8. Mr. Hansell continued his attempts to personally serve Deputy McManus at the Encinitas Substation, as reflected in his affidavit.

9. Unable to serve Deputy McManus in person despite several attempts by Mr. Hansell, I emailed Ms. Jones a request for waiver of service on September 17, 2019, but the next day Ms. Jones replied: "I cannot agree to waive service at this time because Plaintiff is now outside of the 90-day time limit for service under Federal Rule of Civil Procedure 4(m). The time for service expired on September 16, 2019."

10. I hired a private investigator, John Ballard of John Ballard Investigations, who successfully served Deputy McManus in person the following week on September 23, 2019.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  November 21, 2019         */s/ Joseph M. McMullen*
                                  Joseph M. McMullen
                                  Attorney for Plaintiff William Carr