UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM CARR, | Case No.: 19-CV-1139 JLS (MDD) |
|---|---|
| Plaintiff, | **ORDER (1) DENYING MOTIONS TO DISMISS, (2) GRANTING PLAINTIFF EXTENSION OF TIME *NUNC PRO TUNC* WITHIN WHICH TO SERVE DEFENDANT MCMANUS, AND (3) DEEMING PLAINTIFF TO HAVE TIMELY AND PROPERLY SERVED DEFENDANT MCMANUS** |
| v. | |
| COUNTY OF SAN DIEGO; SAN DIEGO SHERIFF'S DEPARTMENT; JEFFREY CHU; JOE MCMANUS; and DOES 1–10, inclusive, | |
| Defendants. | |
|  | (ECF Nos. 3, 8, 13) |

Presently before the Court are the fully-briefed Motions to Dismiss filed by Defendants County of San Diego (the "County") ("Cty. Mot.," ECF No. 3), Jeffrey Chu ("Chu Mot.," ECF No. 8), and Joseph McManus ("McManus Mot.," ECF No. 13) (together, the "Motions"). The Court vacated the hearings on the Motions and took them under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF Nos. 6, 17. Having carefully considered Plaintiff William Carr's Complaint ("Compl.," ECF No. 1), the evidence, the Parties' arguments, and the law, the Court **DENIES** the Motions to Dismiss, **GRANTS** *NUNC PRO TUNC* Plaintiff an extension of time within

which to serve Defendant McManus, and **DEEMS** Defendant McManus timely and properly served on September 23, 2019.

## THE COUNTY AND CHU MOTIONS

**I.     Background[1]**

Plaintiff is a 31-year-old Type 1 diabetic. Compl. ¶ 21. Diabetes is a disorder of the endocrine system characterized by high blood glucose levels resulting from defects in insulin secretion, insulin inaction, or both. *Id.* ¶ 22. In Type 1 diabetes, the pancreas stops making insulin or only makes a tiny amount, meaning that a person with Type 1 diabetes must receive insulin from an outside source. *Id.* ¶ 23. Plaintiff treats his diabetes using an insulin pump. *Id.* ¶ 21.

If insulin lowers blood glucose below 70 mg/dL, a potentially life-threatening condition known as hypoglycemia can develop. *Id.* ¶ 24. Symptoms of mild to moderate hypoglycemia include tremors, sweating, lightheadedness, confusion, and drowsiness. *Id.* Although hypoglycemia usually can be treated easily and effectively by consuming a source of glucose, such as fruit juice, it can become severe and life-threatening if not treated promptly. *Id.* Symptoms of severe hypoglycemia include the inability to swallow, convulsions, and unconsciousness. *Id.*

On July 25, 2018, after attending a service and drumming in the band at the Light Church in Encinitas, California, Plaintiff felt his blood glucose level falling. *Id.* ¶ 27. Plaintiff therefore went to a nearby diner for a snack. *Id.* While tending to Plaintiff, diner staff determined that Plaintiff appeared to be in medical distress; consequently, the manager called 911 for assistance. *Id.* ¶ 28.

///

---

[1] The facts alleged in Plaintiff's Complaint are accepted as true for purposes of the Defendants' Motions, *see Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true"), as are any adjudicative facts not subject to reasonable dispute, such as matters of public record, of which the Court properly may take judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

At approximately 6:45 p.m., several County of San Diego Sheriff's deputies, including Defendants Chu and McManus, arrived at the diner. *Id.* ¶ 29. They already had information that Plaintiff was in medical distress, *id.* ¶ 31, and, by this time, Plaintiff was slumped over in his chair at the diner's lunch counter. *Id.* ¶ 30. Plaintiff stated that he was diabetic and in need of some sugar, *id.* ¶ 32, and asked Defendant whether somebody could check his blood sugar. *Id.* ¶ 33.

Instead of assisting Plaintiff, Defendants surrounded Plaintiff, forcibly head locked him, and slammed him to the ground. *Id.* ¶¶ 34, 39. Defendant Chu tased Plaintiff in the back, causing Plaintiff to cry out in pain. *Id.* ¶ 39. Defendants then dragged Plaintiff out of the diner and onto the curb in handcuffs. *Id.* ¶ 40. At no time did Defendants reasonably perceive that a crime was about to be committed, that Plaintiff was acting aggressively, or that Plaintiff posed an immediate threat of harm. *Id.* ¶¶ 35, 36–37. Plaintiff neither actively resisted Defendants nor attempted to evade arrest. *Id.* ¶¶ 36, 38.

When Emergency Medical Technicians responded to the scene, they immediately administered dextrose sugar and confirmed that Plaintiff's blood sugar level had fallen to a dangerously low level, consistent with Plaintiff's loss of consciousness. *Id.* ¶ 41. Nonetheless, Defendants kept Plaintiff in handcuffs, including when he was taken to the hospital in an ambulance. *Id.* Defendant McManus subsequently cited Plaintiff for two misdemeanors, trespassing and resisting peace officers, although the District Attorney's Office declined to prosecute. *Id.* ¶ 42.

On November 30, 2018, Plaintiff's counsel filed a "Claim Against the County of San Diego." *See* Cty. Request for Judicial Notice ("RJN," ECF No. 3-2) Ex. A, ECF No. 3-3.[2] The claim indicated that the underlying incident occurred on July 15, 2018, at

---

[2] Defendants request that the Court take judicial notice of Plaintiff's claim, which "is a public record, filed with the Claims Division of the County of San Diego." RJN at 2. The request is unopposed. Because Plaintiff's claim is a proper subject of judicial notice for purposes of the County and Chu Motions, *see, e.g.*, *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 812 (N.D. Cal. 2019) (citing *Khoja*, 889 F.3d at 998; *Kim v. City of Belmont*, No. 17-cv-02563-JST, 2018 WL 500269 (N.D. Cal. Jan. 22, 2018)), the Court **GRANTS** the County's RJN.

approximately 6:45 p.m., at the East Village Asian Diner, located at 628 S. Coast Hwy 101, Encinitas, CA 92024. *Id.* Plaintiff's counsel described the events of July 25, 2018 as follows:

> William Carr is an insulin-dependent diabetic who plays drums every weekend at the Light Church in Encinitas. On July 15, 2018, Will took an afternoon breach between church services to have a bite to eat at the nearby East Village Asian Diner because he felt his blood sugar getting low. Restaurant staff called 911 when he appeared listless and unresponsive. Instead of helping, deputies forced him to the ground, tased him, handcuffed/ arrested him.

*Id.* When asked "how or wherein the County of San Diego or its employees were at fault," counsel explained:

> When confronted with someone having a medical emergency, Deputies should not have forced Mr. Carr to the ground, tasing him, handcuffing him, arresting him, publicly humiliating him in his community, leaving him in handcuffs on the way to and at the hospital even after learning that he was suffering from diabetic hypoglycemia, and citing him for a crime.

*Id.* Plaintiff claimed pain, lacerations, and severe emotional distress. *Id.*

Following the denial of his claim on January 16, 2019, *see* Compl. ¶ 3, Plaintiff filed the instant Complaint against the County and Deputies Chu and McManus on June 17, 2019. *See generally* Compl. Plaintiff alleges six causes of action for (1) illegal detention and arrest in violation of his Fourth Amendment rights; (2) excessive force in violation of his Fourth Amendment rights; (3) false arrest/false imprisonment; (4) negligence; (5) violation of the Ralph Act, Cal. Civ. Code § 51.7; and (6) violation of the Bane Act, Cal. Civ. Code § 52.1. *See generally id.* ¶¶ 44–94.

**II. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint

states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id*. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*.

Claims that allege fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must be "specific enough to give defendants notice of the

particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985); *see also Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (noting that particularity requires plaintiff to allege the "who, what, when, where, and how" of the alleged fraudulent conduct).

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**III. Analysis**

The County and Defendant Chu have filed substantially identical Motions seeking dismissal of Plaintiff's state-law causes of action on three grounds: (1) Plaintiff's claim did not contain sufficient information to notify Defendant of the causes of action he intended to bring against them, (2) Plaintiff's claim under the Ralph Act fails to allege that Defendants victimized Plaintiff because of his diabetes, and (3) Plaintiff's claims under the Bane Act fails to allege that Defendants had a specific intent to violate his rights. *See* Cty. Mot. at 1–2, 4–8; Chu Mot. at 1–2, 3–8.

*A. Sufficiency of Plaintiff's Claim Under the California Tort Claims Act*

The California Tort Claims Act, Cal. Govt. Code §§ 810 *et seq.*, requires a plaintiff to submit "a general description of the indebtedness, obligation, injury, damage or loss incurred," along with the "name or names of the public employee or employees causing the injury, damage, or loss, if known" prior to filing a suit against a public entity for money damages. Cal. Gov't Code §§ 910, 945.4, 950.6. According to the California Supreme Court,

> The purpose of these statutes is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." . . . Consequently, a claim need not contain the detail

and specificity required of a pleading, but need only "fairly describe what [the] entity is alleged to have done." . . . As the purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions . . . , the claims statute "should not be applied to snare the unwary where its purpose has been satisfied" . . . .

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) (citations omitted).

Although the County and Defendant Chu concede that Plaintiff submitted a timely claim to the County, *see* Cty. Mot. at 1; Chu Mot. at 1; *see also* RJN Ex. A, they contend that Plaintiff's claim did not comply with the California Tort Claims Act in two respects: (1) it did not reflect each cause of action filed against them, and (2) it omitted certain material facts later alleged in Plaintiff's Complaint. *See* Cty. Mot. at 1–2, 4–6; Chu Mot. at 1, 3–6.

### 1. Causes of Action

Defendants contend that "each cause of action must have been reflected in a timely claim," Cty. Mot. at 4 (quoting *Nelson v. California*, 139 Cal. App. 3d 72, 79 (1982)); Chu Mot. at 4 (quoting *Nelson*, 139 Cal. App. 3d at 79), whereas Plaintiff's "claim only reflects a cause of action for use of force against unnamed deputies," and not "causes of action for false arrest, negligence, and violation of California Civil Code Sections 51.7 and 52.1."[3] Cty. Mot. at 5; Chu Mot. at 4–5. Plaintiff counters that he is not required to identify each separate cause of action in his claim to comply with the requirements of the California Tort Claims Act. ECF No. 4 ("Cty. Opp'n") at 3; ECF No. 14 ("Chu Opp'n") at 3.

/ / /

---

[3] To the extent that the County contends that dismissal of the state law claims against it is merited because Plaintiff failed to name the County on the claim form, *see* Cty. Mot. at 5; Cty. Opp'n at 3, the Ninth Circuit has explicitly rejected this argument. *See Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001) (dismissing grant of summary judgment in favor of county defendant where the county was not specifically listed on the claim form because "the [claim] document itself is entitled 'Claim Against County.'").

Plaintiff is correct: Contrary to Defendants' interpretation, *Nelson* does not require a plaintiff to specify each cause of action he intends to assert; rather, it requires only that "each cause of action . . . be[] *reflected* in a timely claim." *See* 139 Cal. App. 3d at 79 (emphasis added). This is because "[i]t is not the purpose of the claims statutes to prevent surprise. Rather, the purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Super. Ct.*, 12 Cal. 3d 447, 455 (1974) (citing *Eastlick v. City of Los Angeles*, 29 Cal. 2d 661, 667 (1947); *Jackson v. Bd. of Educ.*, 250 Cal. App. 2d 856, 859 (1967)). Accordingly, the California Supreme Court has clarified that "[o]nly where there has been a 'complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim,' have courts generally found the complaint barred." *Stockett*, 34 Cal. 4th at 447 (quoting *Blair v. Super. Ct.*, 218 Cal. App. 3d 221, 226 (1990)). "In other words, it is permissible to plead additional theories where the 'additional theories [are] based on the same factual foundation as those in the claim, and the claim provide[s] sufficient information to allow the public agency to conduct an investigation into the merits of the claim.'" *Sanders v. City of Fresno*, No. CIVA 05-0469 AWISMS, 2006 WL 1883394, at *6 (E.D. Cal. July 7, 2006) (alterations in original) (quoting *Dixon v. City of Livermore*, 127 Cal. App. 4th 32, 42 (2005)).

The Court concludes that the state law causes of action are fairly reflected in Plaintiff's claim. Plaintiff's state law causes of action are for false arrest, negligence, violation of the Ralph Act, and violation of the Bane Act. *See* Compl. ¶¶ 58–94. Here, Plaintiff's claim provides, in relevant part and in full:

> **Specify the particular occurrence, event, act or omission you claim caused the injury or damage (use additional paper if necessary):**
>
> William Carr is an insulin-dependent diabetic who plays drums every weekend at the Light Church in Encinitas. On July 15, 2018, Will took an afternoon breach between church services to

> have a bite to eat at the nearby East Village Asian Diner because he felt his blood sugar getting low. Restaurant staff called 911 when he appeared listless and unresponsive. Instead of helping, deputies forced him to the ground, tased him, handcuffed/arrested him.
>
> **State how or wherein the County of San Diego or its employees were at fault. Give the name(s) of the County department and employee(s) causing the damage or injury:**
>
> When confronted with someone having a medical emergency, Deputies should not have forced Mr. Carr to the ground, tasing him, handcuffing him, arresting him, publicly humiliating him in his community, leaving him in handcuffs on the way to and at the hospital even after learning that he was suffering from diabetic hypoglycemia, and citing him for a crime.
>
> . . .
>
> **Give a description of the injury, as is known at the time of this claim:**
>
> Pain, lacerations, and severe emotional distress.

RJN Ex. A. Plaintiff's claim, which indicates that he was handcuffed and arrested for nothing more than suffering a diabetes-related medical emergency, fairly reflects each of Plaintiff's state law causes of action. *See, e.g.*, *IDC v. City of Vallejo*, No. 2:13-CV-1987 DAD, 2013 WL 6670557, at *4 (E.D. Cal. Dec. 18, 2013) (concluding that claim concerning use of excessive force fairly reflected "the complaint's claims for false arrest, the intentional and negligent infliction of emotional distress, violation of California Civil [Code] § 51.7, negligence[,] and respondeat superior," which "do not represent a complete shift in allegations or an effort to premise civil liability on acts or omissions committed at different times or by different persons, but instead are merely different theories of liability predicated on the same fundamental actions or failure to act alleged against the defendants in the Government Tort Claim form submitted by plaintiff") (citing *White v. Super. Ct.*, 225 Cal. App. 3d 1505, 1511 (1990)).

For example, Plaintiff's cause of action for false arrest is premised on Defendants Chu and McManus "detain[ing] PLAINTIFF without reasonable suspicion and arrest[ing] him without probable cause," *see* Compl. ¶ 59, while Plaintiff's cause of action for negligence contends that Defendants breached their "duty . . . [to] us[e] appropriate tactics and not us[e] any force unless reasonably necessary" by, for example, "fail[ing] to properly and adequately assess the need to detain, arrest[,] and use violent force against PLAINTIFF" and "unjustifi[ably] us[ing] . . . a taser." *See id.* ¶¶ 67, 68(a), (c). Similarly, Plaintiff's Ralph and Bane Act causes of action are based on the same incidence of alleged excessive force, alleging that Defendants, "without warning or justification . . . [,] unnecessarily and unreasonably headlocked PLAINTIFF, slammed PLAINTIFF to the ground with force and violence, tased PLAINTIFF, dragged PLAINTIFF out of the restaurant in handcuffs, and restrained PLAINTIFF in handcuffs for at least 30 minutes." *Id.* ¶¶ 72, 85. Because all of these causes of action are all "rooted in the same fundamental facts" relayed in Plaintiff's claim, *i.e.*, Defendants Chu's and McManus' use of excessive force in arresting Plaintiff during a diabetes-induced medical crisis, each cause of action is fairly reflected in Plaintiff's claim. *See, e.g.*, *Acevedo v. City of Farmersville*, No. 118CV01747LJOSAB, 2019 WL 3003996, at *8 (E.D. Cal. July 10, 2019) (causes of action for violations of the Bane Act and the Unruh Civil Rights Act; negligent hiring, supervision, and training; and IIED fairly reflected in claim relaying "unlawful assault and battery"); *IDC*, 2013 WL 6670557, at *3 (causes of action for false arrest, intentional and negligent infliction of emotional distress, violation of the Ralph Act, negligence, and respondeat superior fairly reflected in claim regarding excessive force); *Burke v. City of Santa Monica*, No. CV0902259MMMPLAX, 2010 WL 11549360, at *22 (C.D. Cal. Dec. 8, 2010) (causes of action for intentional infliction of emotional distress, negligence, and respondeat superior fairly reflected in claim for assault and battery, although cause of action for false arrest not fairly reflected where claim failed to mention the plaintiff's arrest).

///

### *2. Material Facts*

Defendants additionally argue that "certain material facts alleged in the Complaint are noticeably missing from the claim." Cty. Mot. at 5; Chu Mot. at 5–6. Defendants contend, for example, that the claim does not state that Defendants knew or should have known that Plaintiff was diabetic prior to his arrest, whereas the Complaint relies heavily on the Defendants having such information. *See* Cty. Mot. at 5 (citing RJN Ex. A; Compl. ¶¶ 31–32, 68, 72, 77); Chu Mot. at 5–6 (citing RJN Ex. A; Compl. ¶¶ 31–33, 68, 72, 77). Plaintiff counters that "Plaintiff's claim explicitly put Defendant[s] . . . on notice that [the] deputies broke the law by directing violence at Plaintiff and arresting him because of his diabetic hypoglycemia which made him listless and unresponsive," which allowed the County "effectively [to] investigate the incident." Cty. Opp'n at 4 (citing RJN Ex. A); Chu Opp'n at 4 (citing RJN Ex. A).

According to the California Supreme Court, "[t]he claim . . . need not specify each particular act or omission later proven to have caused the injury," and "[a] complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an 'entirely different set of facts.'" *Stockett*, 34 Cal. 4th at 447 (citing *Stevenson v. San Francisco Housing Auth.*, 24 Cal. App. 4th 269, 278 (1994); *Blair*, 218 Cal. App. 3d at 225). "Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint." *Id.* (citing *White*, 225 Cal. App. 3d at 1510–11). In short, "[i]f the claim gives adequate information for the public entity to investigate, additional detail and elaboration in the complaint is permitted." *Id.* at 499.

The Court concludes that Plaintiff's claim fairly reflects the facts alleged in his Complaint. Plaintiff's claim emphasizes—repeatedly—that he is diabetic and that he was suffering a medical emergency at the time of the incident. *See generally* RJN Ex. A. Further, that the emergency medical technicians who responded to the diner's 911 call confirmed to Defendants Chu and McManus that Plaintiff was suffering from diabetic

hypoglycemia is not necessarily inconsistent with Defendants Chu and McManus inferring based on Plaintiff's symptoms and information gleaned from diner staff that Plaintiff was suffering a medical emergency. In short, the facts in Plaintiff's claim "provide[d] the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Stockett*, 34 Cal. 4th at 446 (quoting *City of San Jose*, 12 Cal. 3d at 455). Because Plaintiff's Complaint "merely elaborate[s] or add[s] further detail to a claim which was predicated on the same fundamental facts," *see Blair*, 218 Cal. App. 3d at 226, it does not impermissibly "shift the fundamental facts about h[is] injury." *See White*, 225 Cal. App. 3d at 1511.

For all these reasons, the Court **DENIES** the County and Chu Motions to the extent they seek dismissal of Plaintiff's state law causes of action for failure to comply with the prerequisites of California Tort Claims Act.

### B. *Sufficiency of Plaintiff's Ralph and Bane Act Claims*

Plaintiff alleges causes of action for violation of the Ralph and Bane Acts because "DEFENDANTS used violence on and intimidated PLAINTIFF[] because of a perceived disability, when without warning or justification DEFENDANTS unnecessarily and unreasonably headlocked PLAINTIFF, slammed PLAINTIFF to the ground with force and violence, tased PLAINTIFF, dragged PLAINTIFF out of the restaurant in handcuffs, and restrained PLAINTIFF in handcuffs for at least 30 minutes." Compl. ¶¶ 72, 85. The County and Defendant Chu assert that Plaintiff has failed to state a claim under either statute. *See* Cty. Mot. at 6–8; Chu Mot. at 6–7.

#### 1. *The Ralph Act*

The Parties agree that, to plead a prima facie cause of action under the Ralph Act, Plaintiff must allege that (1) the defendant threatened or committed a violent act against the plaintiff, (2) the plaintiff was harmed, (3) a substantial motivating reason for the defendant's conduct was his perception that the plaintiff was a member of a protected group, and (4) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *Compare* Cty. Mot. at 6 (citing *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129,

1167–68 (N.D. Cal. 2009); *Meggs v. City of Berkeley*, No. C 02-0693 MHP, 2004 WL 3241926, at *3 n.12 (N.D. Cal. Apr. 28, 2004)); *and* Chu Mot. at 6–7 (citing *Knapps*, 647 F. Supp. 2d at 1167–68; *Meggs*, 2004 WL 3241926, at *3 n.12), *with* Cty. Opp'n at 4–5 (citing Judicial Council of California Civil Jury Instructions ("CACI") 3063); *and* Chu Opp'n at 4–5 (citing CACI 3063).

The County and Defendant Chu contend that Plaintiff fails to state a claim because "the Complaint does not contain any factual allegations to support that the individual deputies had a bias against persons with diabetes or that they were motivated to use violence against Plaintiff because of his diabetes." Cty. Mot. at 6–7; *accord* Chu Mot. at 7; *see also* ECF No. 5 ("Cty. Reply") at 3; ECF No. 16 ("Chu Reply") at 3. Plaintiff counters that "the facts alleged in the Complaint reflect Defendants' awareness of Plaintiff's Diabetes and hostility to the symptoms of Plaintiff's Diabetes." Cty. Opp'n at 6; Chu Opp'n at 6.

The Court concludes that a reasonable inference may be drawn from the facts alleged in Plaintiff's Complaint that a substantial, motivating reason for Defendants Chu's and McManus' conduct was their perception that Plaintiff had a medical condition or disability. Plaintiff alleges that "he appeared to be in medical distress," prompting the diner's manager to call 911. Compl. ¶ 28. By the time Defendants Chu and McManus arrived at the diner, they already had learned that Plaintiff "was in medical distress from a physical disability," *id.* ¶ 31, and they found Plaintiff "slumped over in his chair at the diner's lunch counter." *Id.* ¶ 30. Plaintiff informed Defendants Chu and McManus that he "was diabetic and needed some sugar," *id.* ¶ 32, and he asked them whether "someone would check his blood sugar." *Id.* ¶ 33. Instead of providing the requested medical aid, Defendants Chu and McManus "unreasonably detained and/or arrested PLAINTIFF, and used excessive and unreasonable force." *Id.* ¶ 34. Further, Defendants had not reasonably perceived that a crime was about to be committed and Plaintiff at no time posed an immediate threat to anybody's safety. *See id.* ¶¶ 35, 37.

/ / /

Accepting these facts as true and drawing all reasonable inferences in Plaintiff's favor—as the Court must at this stage, *see Vasquez*, 487 F.3d at 1249—the Court can plausibly infer that Defendants acted with violence against Plaintiff because he was exhibiting symptoms of a disability. *See, e.g.*, *Robinson v. Cty. of Shasta*, 384 F. Supp. 3d 1137, 1163 (E.D. Cal. 2019) (denying defendant's motion for summary judgment on Ralph Act claim where the responding officer was presumably aware that the plaintiff suffered from mental health issues, the plaintiff "exhibited symptoms of his mental health issues," and the responding officer called the plaintiff a "nut" and "tackled [the plaintiff] and hit him with the pepper spray canister"). The Court therefore **DENIES** the County and Chu Motions to the extent they seek dismissal of Plaintiff's Ralph Act cause of action for failure to state a claim.

2.   *The Bane Act*

The County and Defendant Chu argue that Plaintiff has failed to state a prima facie cause of action under the Bane Act because he has failed to allege that Defendants "had 'specific intent' to violate his constitutional rights," Cty. Mot. at 7 (quoting *Reese v. City of Sacramento*, 888 F.3d 1030, 1040 (9th Cir. 2018)); Chu Mot. at 7 (quoting *Reese*, 888 F.3d at 1040), *i.e.*, that Defendants "committed the act in question with the particular purpose of depriving [Plaintiff] of his civil rights." Cty. Mot. at 7 (emphasis in original) (citing *Cornell v. Cty. of San Francisco*, 17 Cal. App. 4th 766, 803 (2017)); Chu Mot. at 7–8 (emphasis in original) (citing *Cornell*, 17 Cal. App. 4th at 803). Plaintiff responds that "a *reckless disregard* for a person's constitutional rights is *evidence of a specific intent* to deprive that person of those rights," Cty. Opp'n at 9 (emphasis in original) (quoting *Reese*, 888 F.3d at 1045) (citing *Nehad v. Browder*, 929 F.3d 1125, 1142 n.15 (9th Cir. 2019)); Chu Opp'n at 9 (emphasis in original) (quoting *Reese*, 888 F.3d at 1045) (citing *Nehad*, 929 F.3d at 1142 n.15), and that "[t]he facts pled in the Complaint reflect, at a minimum, Defendant Deputies' reckless disregard of Plaintiff's Fourth Amendment rights." Cty. Opp'n at 9; Chu Opp'n at 9. The County and Defendant Chu reply that "[r]eckless disregard . . . is the legal equivalent of willfulness," Cty. Reply at 4 (second alteration in

original) (quoting *United States v. Reese*, 2 F.3d 870, 881 (9th Cir. 1993)); Chu Reply at 4 (second alteration in original) (quoting *Reese*, 2 F.3d at 881), and that "Plaintiff does not allege facts in the Complaint to show the deputies willfully violated his constitutional rights by using force even through they knew it was unwarranted." Cty. Reply at 4–5; *accord* Chu Reply at 4.

Again, taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court concludes that Plaintiff alleges a specific intent to violate his Fourth Amendment rights at this early stage in the proceedings. As in *Cornell*, based on the allegations in Plaintiff's Complaint, the Court could "conclude[] not only that [Defendant Chu] and [Defendant McManus] were unconcerned from the outset with whether there was legal cause to detain or arrest [Plaintiff], but that when they realized their error, they doubled-down on it, knowing they were inflicting grievous injury on their prisoner," thereby satisfying the specific intent standard. *See* 17 Cal. App. 5th at 804. The Court therefore **DENIES** the County and Chu Motions to the extent they seek dismissal of Plaintiff's Bane Act cause of action for failure to state a claim.

## THE MCMANUS MOTION

### I. Background[4]

Plaintiff filed his Complaint on June 17, 2019. *See generally* Compl. On June 5, 2019, Defendants' counsel emailed Plaintiff's counsel, offering to waive service on behalf of Defendants Chu and McManus if the County would be permitted to file a response to Plaintiff's Complaint on the same date as the other Defendants, approximately 60 days after the County's deadline. Decl. of Kate D. Jones ("Jones Decl.," ECF No. 13-2) ¶ 3; Decl. of Joseph M. McMullen ("McMullen Decl.," ECF No. 15-1) ¶ 3. Plaintiff's counsel indicated that he would agree if Defendants would file an answer and no Rule 12 motions.

---

[4] The Court properly may consider evidence outside the pleadings in resolving a motion under Rule 12(b)(5). *Garcia v. Sheridan Fed. Corr. Inst.*, No. 3:18:CV-00176-HZ, 2019 WL 722565, at *2 (D. Or. Feb. 20, 2019) (citing *Lachick v. McMonagle*, No. CIV. A. 97-7369, 1998 WL 800325, at *2 (E.D. Pa. Nov. 16, 1998)).

Jones Decl. ¶ 3; McMullen Decl. ¶ 4. The Parties failed to reach an agreement. Jones Decl. ¶ 4; McMullen Decl. ¶ 5.

Plaintiff's counsel retained R.T. Hansell of San Diego Service of Process, LLC to serve Defendant McManus. *See generally* McMullen Decl. Ex. A, ECF No. 15-2. After an unsuccessful attempt at personal service at the San Diego Sheriff Department's Encinitas Substation on July 25, 2019, *see id.*, an employee of the Sheriff's Department, Mary Housley, accepted the summons and complaint on July 26, 2019. *See id.*; *see also* McMullen Decl. ¶ 6.

On August 1, 2019, Defendants' counsel informed Plaintiff's counsel that she did not believe that service on Ms. Housley constituted effective service. Jones Decl. ¶ 5; McMullen Decl. ¶ 7. Defendants' counsel again offered to waive service under Rule 4(d). Jones Decl. ¶ 5; McMullen Decl. ¶ 7. Plaintiff's counsel responded that he would agree if Defendants Chu and McMullen would respond to Plaintiff's Complaint in 21 days, rather than 60. Jones Decl. ¶ 6. Again, the Parties failed to reach an agreement. *See id.*

Mr. Hansell continued attempting to effect personal service on Defendant McManus at the Encinitas Substation, making six unsuccessful service attempts between August 8, 2019 and September 16, 2019. *See* McMullen Decl. ¶ 8 & Ex. A. On September 17, 2019, the day after Plaintiff's service deadline has passed, Plaintiff's counsel emailed Defendants' counsel to request waiver of service for Defendant McManus. Jones Decl. ¶ 8; McMullen Decl. ¶ 9. Defendants' counsel responded that she would not agree to waive service outside of the 90-day time limit imposed by Rule 4(m). Jones Decl. ¶ 9; McMullen Decl. ¶ 9.

Plaintiff's counsel then hired a private investigator, John Ballard of John Ballard Investigations, who served Defendant McManus in person on September 23, 2019. McMullen Decl. ¶ 10; *see also* ECF No. 9. Plaintiff filed his proof of service on September 24, 2019, *see* ECF No. 9, and Defendant McManus filed his Motion on October 15, 2019. *See generally* McManus Mot.

///

## II. Legal Standard

The court cannot exercise jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move for dismissal resulting from "insufficient of service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service, the plaintiff bears the burden of establishing the validity of service under Federal Rule of Civil Procedure 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, a court may either dismiss the action or quash service, providing the plaintiff the opportunity to serve the defendant again effectively. *See Stevens v. Sec. Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976). "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

## III. Analysis

The Parties do not contest that Plaintiff failed properly to serve Defendant McManus until September 23, 2019, seven days after the expiration of Plaintiff's 90-day deadline to effect service under Rule 4(m). *See* ECF No. 9; *see also* McMullen Decl. ¶ 10; ECF No. 18 at 2. Defendant McManus therefore requests that the Court dismiss Plaintiff's Complaint as to him or, alternatively, quash the proof of service filed September 24, 2019, and require Plaintiff to request an extension of time properly to serve Defendant McManus. *See* ECF No. 13-1 at 1–2, 6. Plaintiff urges the Court to extend the time for service, arguing that he has shown good cause for the seven-day delay and that dismissal or quashing of service would only result in further delay of this litigation. *See* ECF No. 15 at 4.

"When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case

basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "[A]t a minimum, 'good cause' means excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). "In *Boudette*, [the Ninth Circuit] stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.'" *In re Sheehan*, 253 F.3d at 512 (quoting *Boudette*, 923 F.2d at 756 (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir.1987))).

As for notice, Defendant McManus clearly received notice of this lawsuit. Even before Plaintiff attempted service of the Complaint and summons, Defendant McManus was represented by counsel. *See* Jones Decl. ¶¶ 2–4; McMullen Decl. ¶¶ 2–5. Mr. Hansell also left a copy of the Complaint and summons with Ms. Housley at Defendant McManus' place of employment on July 26, 2019. *See* Jones Decl. ¶ 5; McMullen Decl. ¶ 6 & Ex. A. Further, Defendant McManus nowhere contends that he did not have notice of the lawsuit prior to being personally served on September 23, 2019. It therefore appears that the "core function of service[,] . . . to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defendants and objections," has been served. *See Henderson v. United States*, 517 U.S. 654, 672 (1996).

Turning to the second factor, despite recognizing that whether Defendant McManus would suffer prejudice is a consideration, *see* ECF No. 13-1 at 4 (citing *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 389–92 (1993)), Defendant McManus does not even attempt to make such a showing, *see id.* at 4–5, and likely cannot, given the minimal delay in service. *See, e.g.*, *White v. Las Vegas Metro. Police Dep't*, No. 219CV00386GMNNJK, 2019 WL 6915947, at *2 (D. Nev. Dec. 18, 2019) (denying motion to dismiss and granting extension of time *nunc pro tunc* where the plaintiff served the defendant 29 days after expiration of the 90-day deadline).

/ / /

Finally, Plaintiff—unlike Defendant McManus—may be severely prejudiced if his Complaint is dismissed at this stage. The County sent Plaintiff a notice of rejection of his claim on January 16, 2019. *See* Compl. ¶ 3. Pursuant to California Government Code sections 945.6(a)(1) and 950.6(b), Plaintiff was required to initiate any suit based on his rejected claim within six months, or by July 16, 2019. Although Plaintiff filed suit on June 17, 2019, *see generally* Compl., Plaintiff's July 16, 2019 deadline has now long passed. Plaintiff may be entitled to equitable tolling, *see, e.g.*, *Addison v. California*, 21 Cal. 3d 313, 319 (1978); *see also Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 (9th Cir. 2014), but there exists the possibility that Plaintiff would be unable to refile suit against Defendant McManus, thereby suffering severe prejudice.

Weighing the minimal prejudice to Defendant McManus against the potentially severe prejudice facing Plaintiff, and given that "public policy favor[s] disposition of cases on their merits," *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *see also* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed . . . to secure the just . . . determination of every action and proceeding."), the Court concludes in its discretion that dismissal is inappropriate and that Plaintiff is entitled to an extension of time within which to serve Defendant McManus. *See, e.g.*, *Bastedo v. N. Rose-Wolcott Cent. Sch. Dist.*, No. 10-CV-6162L, 2011 WL 2110812, at *2 (W.D.N.Y. May 26, 2011). The Court therefore **DENIES** the McManus Motion and **GRANTS** *NUNC PRO TUNC* Plaintiff a fourteen-day extension of time within which to serve Defendant McManus, thereby extending the service deadline to <u>September 30, 2019</u>. Because Defendant McManus does not contest service on September 23, 2019 on any grounds other than its timeliness, the Court therefore **CONCLUDES** that Plaintiff properly and timely served Defendant McManus on September 23, 2019.

## CONCLUSION

In light of the foregoing, the Court **DENIES** the Motions to Dismiss (ECF Nos. 3, 8, 13). The Court **GRANTS** *NUNC PRO TUNC* a fourteen-day extension of time within which Plaintiff is to serve Defendant McManus and, therefore, **CONCLUDES** that

Plaintiff properly and timely served Defendant McManus on September 23, 2019. Accordingly, Defendants **SHALL RESPOND** to Plaintiff's Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: March 3, 2020

Hon. Janis L. Sammartino
United States District Judge