THOMAS E. MONTGOMERY, County Counsel
County of San Diego
By KATE D. JONES, Senior Deputy (State Bar No. 315650)
    ADAM C. PHILLIPS, Senior Deputy (State Bar No. 277410)
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5888; (619) 531-6416
Fax: (619) 531-6005
E-mail: kate.jones@sdcounty.ca.gov; adam.phillips@sdcounty.ca.gov

Attorneys for Defendants County of San Diego (also erroneously sued as "San Diego Sheriff's Department"), Deputy Jeffrey Chu and Deputy Joseph McManus

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; JEFFREY CHU; JOSEPH MCMANUS; CHRISTOPHER CADIGAN; JASON FERGUSON; ALEXANDER SOLIMAN; and DOES 1-10, inclusive,<br><br>Defendants | No. 19-cv-1139-JLS-MDD<br><br>**DEFENDANTS COUNTY OF SAN DIEGO, JEFFREY CHU, AND JOSEPH MCMANUS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants County of San Diego, Deputy Jeffery Chu, and Deputy Joseph McManus request a jury trial in this matter and answer the First Amended Complaint brought by Plaintiff William Carr as follows:

Paragraph 1 and 2: These paragraphs contain statements of jurisdiction/venue, Plaintiffs' theories of the lawsuit, and legal conclusions, which require no response from Defendants. To the extent that the remaining allegations are construed as factual allegations, Defendants deny those allegations.

Paragraph 3: Defendants admit Plaintiff submitted a claim signed and dated November 30, 2018, by attorney of record for Plaintiff, which the County of San Diego

rejected on January 16, 2019. Defendants deny that the claim was based on *all* acts, omissions, and injuries complained of in the Complaint.

Paragraph 4: This paragraph contains Plaintiffs' theories of the lawsuit and legal conclusions, which require no response from Defendants. To the extent that the remaining allegations are construed as factual allegations, Defendants deny those allegations.

Paragraph 5: Defendants lack sufficient information or belief concerning the allegations in this paragraph and deny the allegations on that basis.

Paragraph 6: Defendants admit that San Diego County was a public entity organized under the laws of the State of California at the times listed in the Complaint. Defendants lack sufficient information or belief concerning the remainder of the allegations in this paragraph and deny the allegations on that basis.

Paragraph 7: Defendants admit that Deputies Jeffery Chu, Joseph McManus, Christopher Cadigan, Jason Ferguson, and Alexander Soliman were employed by San Diego County at the times listed in the Complaint.

Paragraph 8: Defendants admit Deputy Jeffery Chu was employed by San Diego County at the times listed in the Complaint. Defendants lack sufficient information or belief concerning the remainder of the allegations in this paragraph and deny the allegations on that basis.

Paragraph 9: Defendants admit Deputy Joseph McManus was employed by San Diego County at the times listed in the Complaint. Defendants lack sufficient information or belief concerning the remainder of the allegations in this paragraph and deny the allegations on that basis.

Paragraph 10: Defendants admit Deputy Christopher Cadigan was employed by San Diego County at the times listed in the Complaint. Defendants lack sufficient information or belief concerning the remainder of the allegations in this paragraph and deny the allegations on that basis.

/ / /

2

Paragraph 11:  Defendants admit Deputy Jason Ferguson was employed by San Diego County at the times listed in the Complaint.  Defendants lack sufficient information or belief concerning the remainder of the allegations in this paragraph and deny the allegations on that basis.

Paragraph 12:  Defendants admit Deputy Alexander Soliman was employed by San Diego County at the times listed in the Complaint.  Defendants lack sufficient information or belief concerning the remainder of the allegations in this paragraph and deny the allegations on that basis.

Paragraph 13, 14, 15, 16, 17, 18, 19, 20, and 21:  Defendants lack sufficient information or belief concerning the allegations in these paragraphs and deny the allegations on that basis.

Paragraph 22:  This paragraph contains Plaintiffs' theories of the lawsuit and legal conclusions, which require no response from Defendants. To the extent that the remaining allegations are construed as factual allegations, Defendants deny those allegations.

Paragraph 23:  Defendants repeat and reiterate their previous responses to paragraphs 1-22 as their response herein to paragraph 23.

Paragraphs 24, 25, 26, 27, 28, 29 and 30:  Defendants lack sufficient information or belief concerning the allegations in these paragraphs and deny the allegations on that basis.

Paragraph 31:  Defendants deny the allegations in this paragraph.

Paragraph 32:  Defendants admit Deputies Jeffery Chu, Joseph McManus, Christopher Cadigan, Jason Ferguson, and Alexander Soliman arrived at East Village Asian Diner around 7:00 p.m. on July 15, 2018.

Paragraphs 33, 34, 35, 36, 37, 38, 39, 40, 41, 42 and 43:  Defendants deny the allegations in these paragraphs.

Paragraph 44:  Defendants lack sufficient information or belief concerning the allegations in this paragraph and deny the allegations on that basis.

No. 19-cv-1139-JLS-MDD

Paragraph 45: This paragraph contains Plaintiffs' theories of the lawsuit and legal conclusions, which require no response from Defendants. To the extent that the remaining allegations are construed as factual allegations, Defendants deny those allegations.

Paragraph 46: Defendants repeat and reiterate their previous responses to paragraphs 1-45 as their response herein to paragraph 46.

Paragraph 47, 48, 49, and 50: Defendants deny the allegations in these paragraphs.

Paragraph 51: Defendants deny that Plaintiffs are entitled to the relief requested.

Paragraph 52: Defendants repeat and reiterate their previous responses to paragraphs 1-51 as their response herein to paragraph 52.

Paragraph 53: This paragraph contains Plaintiffs' theories of the lawsuit and legal conclusions, which require no response from Defendants. To the extent that the remaining allegations are construed as factual allegations, Defendants deny those allegations.

Paragraph 54, 55, 56, 57, and 58: Defendants deny the allegations in these paragraphs.

Paragraph 59: Defendants deny that Plaintiffs are entitled to the relief requested.

Paragraph 60: Defendants repeat and reiterate their previous responses to paragraphs 1-59 as their response herein to paragraph 60.

Paragraph 61, 62, 63, 64, 65, 66, and 67: Defendants deny the allegations in these paragraphs.

Paragraph 68: Defendants repeat and reiterate their previous responses to paragraphs 1-67 as their response herein to paragraph 68.

Paragraph 69: This paragraph contains Plaintiffs' theories of the lawsuit and legal conclusions, which require no response from Defendants. To the extent that the remaining allegations are construed as factual allegations, Defendants deny those allegations.

/ / /

4

Paragraph 70, 71, and 72:  Defendants deny the allegations in these paragraphs and all subparagraphs therein.

Paragraph 73:  Defendants repeat and reiterate their previous responses to paragraphs 1-72 as their response herein to paragraph 73.

Paragraph 74:  This paragraph contains Plaintiffs' theories of the lawsuit and legal conclusions, which require no response from Defendants. To the extent that the remaining allegations are construed as factual allegations, Defendants deny those allegations.

Paragraph 75, 76, 77, 78, 79, 80, 81, 82, and 83:  Defendants deny the allegations in these paragraphs.

Paragraph 84:  Defendants deny that Plaintiffs are entitled to the relief requested.

"Prayer" Paragraph: Defendants deny that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

### 1

As a first, separate and distinct affirmative defense, the Complaint fails to state facts sufficient to constitute a cause of action for which relief can be granted.

### 2

As a second, separate and distinct affirmative defense, any individually-named defendants would be entitled to qualified immunity from liability under 42 U.S.C. § 1983.

### 3

As a third, separate and distinct affirmative defense, any individually-named defendants would be entitled to absolute immunity from liability under 42 U.S.C. § 1983.

### 4

As a fourth, separate and distinct affirmative defense, Defendants cannot be liable because Plaintiff's constitutional rights were not violated.

///

5

5

As a fifth, separate and distinct affirmative defense, Defendants cannot be liable for illegal detention or arrest because there was probable cause that Plaintiff was engaged in criminal activity when Defendants arrested him.

6

As a sixth, separate and distinct affirmative defense, Defendant County of San Diego is not liable under state law for common-law negligence and is only liable pursuant to statute by operation of section 815 of the California Government Code.

7

As a seventh, separate and distinct affirmative defense, Defendants are not liable under state law by operation of sections 815.2, subdivision (b), and 820.8 of the California Government Code in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons, not officers or employees of Defendants. Such superseding or intervening causes cut off Defendants' liability, if any.

8

As an eighth, separate and distinct affirmative defense, Defendants are not liable under state law by operation of sections 815.2, subdivision (b), and 820.2 of the California Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

9

As a ninth, separate and distinct affirmative defense, Defendants are not liable under state law by operation of sections 815.2, subdivision (b), and 820.4 of the California Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

10

As a tenth, separate and distinct affirmative defense, Defendants are not liable under state law by operation of sections 815.2, subdivision (b), of the California

/ / /

6

No. 19-cv-1139-JLS-MDD

Government Code and section 847 of the California Penal Code in that the underlying
arrest and/or imprisonment arose out of a lawful arrest.

11

As an eleventh, separate and distinct affirmative defense, Defendants are not liable
under state law by operation of sections 815.2, subdivision (b), of the California
Government Code and section 835a of the California Penal Code in that the physical
force and contact used was reasonable to effect a lawful arrest, to prevent escape, or
overcome resistance.

12

As a twelfth, separate and distinct affirmative defense, Defendants are not liable
under state law by operation of sections 815.2, subdivision (b), of the California
Government Code and section 835a of the California Penal Code in that the physical
force and contact used were reasonable for the lawful defense of the officer(s) and of
others.

13

As a thirteenth, separate and distinct affirmative defense, Defendants are not liable
under state law for injuries or damages, if there were any, arising out of a person resisting
arrest, pursuant to section 845.8 of the California Government Code.

14

As a fourteenth, separate and distinct affirmative defense, Defendants are not liable
because Plaintiff acted unreasonably, carelessly, or negligently in and about the matters
alleged in the Complaint.  Plaintiff did not exercise ordinary care, caution or prudence for
his own safety and protection.  These acts of unreasonableness, carelessness, and
negligence were the proximate cause of the alleged injuries and damages, if there were
any.  However, if Defendants are found legally responsible to Plaintiff, then Defendants
provisionally allege their acts or omissions were not the sole and proximate cause of
Plaintiff's injuries and damages and that the damages awarded are to be apportioned
according to the respective fault and legal responsibility of all parties, persons, and

7

entitles who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

15

As a fifteenth, separate and distinct affirmative defense, Defendants are not liable because Plaintiff failed, refused, and neglected to reasonably mitigate his damages, which bars or diminishes any recovery.

16

As a sixteenth, separate and distinct affirmative defense, Defendants are not liable because Plaintiff knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in the Complaint.

17

As a seventeenth, separate and distinct affirmative defense, the allegations in the Complaint do not support an award of punitive damages against individually-named defendants because their conduct was not malicious, oppressive, or in reckless disregard to Plaintiff's rights.

18

As an eighteenth, separate and distinct affirmative defense, Defendants did not owe a duty to Plaintiff to render medical aid.

19

As a nineteenth, separate and distinct affirmative defense, Defendant County of san Diego is not liable for punitive or exemplary damages under state law by operation of section 818 of the California Government Code.

20

As a twentieth, separate and distinct affirmative defense, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced pursuant to California Government Code section 985.

No. 19-cv-1139-JLS-MDD

WHEREFORE, Defendants pray as follows:

1. That the action be dismissed with prejudice;

2. That Plaintiffs takes nothing by their action;

3. That Defendants recover their costs of suit incurred herein, including attorney's fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: July 16, 2020          THOMAS E. MONTGOMERY, County Counsel

                              By      s/*Kate D. Jones*, Deputy
                                      Attorneys for Defendant County of San Diego,
                                      Jeffery Chu, and Joseph McManus

9