UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>                            Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                            Defendants. | Case No.: 19cv1139-JLS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>[ECF No. 50] |

Pending before the Court is William Carr ("Plaintiff") and County of San Diego's ("Defendant") Joint Motion for Determination of Discovery Dispute. (ECF No. 50). Plaintiff requests the Court order Defendant to produce two internal affairs investigation files of complaints alleging false arrest, unlawful detention, unlawful search and seizure, excessive force, false reports, and/or statements by Defendant Deputy Jason Ferguson. (*Id.* at 2-3, 10). For the reasons stated herein, the Court **GRANTS IN PART** Plaintiff's request.

### I.    RELEVANT BACKGROUND

On July 2, 2020, Plaintiff filed the operative Amended Complaint against the County of San Diego, Jeffrey Chu, Joseph McManus, Christopher

Cadigan, Jason Ferguson, and Alexander Soliman, alleging unlawful detention and arrest and excessive force pursuant to 28 U.S.C. § 1983, false arrest, negligence, and violation of California Civil Code § 52.1.  (ECF No. 33, hereinafter "AC").  Plaintiff alleges he was unlawfully detained and subjected to excessive force on July 15, 2018, when San Diego Sheriff's deputies responded to a 911 call for assistance with a person who appeared to be in medical distress.  (AC ¶¶ 4, 30-32).  Plaintiff, who suffers from Type 1 Diabetes and felt his blood glucose level falling, was slumped over in a chair at a diner's lunch counter and appeared drowsy and confused.  (AC ¶¶ 30, 33-34).  Defendants allegedly unreasonably "forcibly headlocked [Plaintiff] and slammed him to the ground."  (AC ¶ 40).  Defendant Chu allegedly tased Plaintiff while he was standing and while he was on the ground.  (*Id.*).  Defendants then "dragged P[laintiff] outside the diner onto the curb in handcuffs and forced his body down on the street against the curb."  (AC ¶ 41).  Plaintiff asked Defendants to call paramedics to check his blood sugar.  (AC ¶ 42).  When paramedics responded, they administered dextrose sugar to Plaintiff and confirmed to Defendants that Plaintiff's blood sugar had fallen to a dangerously low level consistent with loss of consciousness.  (AC ¶ 43).  Defendants allegedly continued to keep Plaintiff in unreasonably tight handcuffs on the curb and refused to remove them as he was taken to the hospital.  (*Id.*).

Plaintiff served Requests for Production ("RFPs") on Defendant, to which Defendant responded on September 23, 2020.  (ECF No. 50 at 2). Defendant objected and the parties met and conferred on the matter on October 22, 2020, November 4, 2020, and November 12, 2020.  (*Id.*).  Plaintiff then narrowed the requests, resolving majority of the issues, and Defendant produced thousands of documents and provided Plaintiff with a privilege log

on November 16, 2020. (*Id.*). As a result of the parties' efforts to meet and confer, only one dispute concerning RFP No. 29 remains. Plaintiff's narrowed RFP No. 29 requests "[a]ll internal affairs investigation files of complaints alleging false arrest, unlawful detention, unlawful search and seizure, excessive force, false reports and/or false statements by the Individual Defendants from 2013 to present." (*Id.* at 2-3).

Defendant objected to the request on the grounds that it seeks irrelevant information disproportionate to the needs of the case and is protected from disclosure "by the deliberative process, self-critical analysis, required reports, and official information privileges, and privileged material subject to disclosure under California Penal Code section 832.7(a) and Evidence Code section 1043." (*Id.* at 3). Defendant also objected on the grounds that the request violates federal and California privacy rights. (*Id.*).

## II.     LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." *Id.* at 34(b)(2)(B).

Pursuant to Rule 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing its request satisfies the relevance requirement of Rule 26. *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995). Thereafter, the party opposing discovery bears the

burden of showing the discovery should be prohibited, and of "clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal 2002) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

### III.   DISCUSSION

Plaintiff argues the internal affairs investigation files are relevant and can be produced subject to the Court's protective order in this case. (ECF No. 50 at 9). Defendant contends there are two files involving Defendant Deputy Ferguson that are responsive to RFP No. 29, but that it should not be compelled to produce them. (*Id.* at 10). In filing the instant joint motion, Defendant raises only relevance, privacy rights, and the official information privilege. (*Id.*). Accordingly, the Court declines to address the remaining objections raised in Defendant's supplemental response to RFP No. 29. In the event the Court grants Plaintiff's motion, Defendant asks the Court to conduct an *in camera* review of the documents and that it be permitted to redact findings and conclusions from the internal affairs documents prior to production to Plaintiff. (*Id.*).

### A.   Official Information Privilege

Defendant asserts the official information privilege. (*Id.*). Plaintiff argues the official information privilege is adequately addressed by the Court's protective order. (*Id.* at 6-8).

Federal common law recognizes a "qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (citation omitted). Under the official information privilege, internal affairs investigative materials and government personnel records may be protected from disclosure. *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995). In civil rights cases, the Court has adopted a balancing test that

is moderately pre-weighted in favor of disclosure. *Kelly v. City of San Jose*, 114 F.R.D. 653, 661. The party asserting the privilege bears the burden of proving the privilege. *Id.* at 662.

Before a court balances these interests, the party opposing disclosure must first make a substantial threshold showing that the official information privilege applies, by submitting "a declaration or affidavit . . . from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." *Id.* at 669. The declaration must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

*Id.* at 670. If the court finds that a defendant's submissions do not meet the threshold burden, the court will order defendant to disclose the material. *Id.* at 671. If the court finds that defendant has met the threshold requirements to invoke the official information privilege, then the court orders an *in camera* review of the documents at issue. *Id.*

Defendant submitted a declaration from Kenneth W. Jones, a Lieutenant in the Sheriff's Department assigned to the Department's Internal Affairs Unit. (ECF No. 50-1, hereinafter "Jones Decl."). Lieutenant Jones affirms that he has collected and maintained the confidentiality of the files, and that he has personally reviewed them. (*Id.* ¶¶ 2-4). He also declares that disclosure of Internal Affairs files generally threaten the safety

and security of deputies and their families. (*Id.* ¶ 4). Lieutenant Jones claims that disclosure and dissemination of internal investigation records "may discourage individuals from providing information; diminish the confidentiality of others who have provided information to the Department; disrupt the vital, day to day operations of the department; divert department personnel from their regular duties; erode integrity and security of Internal Affairs records; affect morale of departmental employees; consume inordinate time, expense, and resources; and frustrate the legitimate purpose of compiling and maintaining such records." (*Id.* ¶ 6).

Lieutenant Jones' declaration fails to satisfy the threshold requirements. The generic statements of concern and harm quoted above are the garden variety type typically found insufficient to overcome the moderately weighted presumption in favor of disclosure. *See Kelly*, 114 F.R.D. at 672. Lieutenant Jones asserts only generalized privacy and public interest concerns and fails to explain why disclosure of responsive documents in this particular case would be detrimental if done pursuant to a carefully crafted protective order, such as the one already issued here. At most, Lieutenant Jones fears that disclosure in this action, even pursuant to a protective order, might compromise certain privacy interests (including those of third parties), might result in the maligning of the character of those individuals about whom the documents relate, and might have a chilling effect on future Internal Affairs investigations. (*See* ECF No. 50 at 10-13). These are concerns in every action involving similar confidential material. Lieutenant Jones also vaguely speculates that Plaintiff may handle the confidential documents improperly even with a protective order. (*See* Jones Decl. ¶ 7). However, Defendant does not assert that Plaintiff acted in bad faith as to the handling of any documents and has not shown that Plaintiff

will act in bad faith later.  The protective order issued here is sufficient to alleviate Defendant's concerns.  Accordingly, the Court cannot conclude that harm would result from the disclosure of the two internal affairs investigation files involving Deputy Ferguson or that disclosure pursuant to the protective order would harm a "significant government interest," and how much harm would be done "to those interests by disclosure *in this particular case." Miller v. Pancucci*, 141 F.R.D. 292, 301 (C.D. Cal. 1992).

Even assuming the declaration was sufficient to satisfy Defendant's threshold burden, the Court finds that the speculative, potential disadvantages of disclosure cited are outweighed by Plaintiff's legitimate need for the discovery sought.  The Court recognizes Defendant's concerns that disclosure could result in harm to officers and possibly to governmental and societal interests.  However, pursuant to *Kelly*, internal investigation files are presumptively discoverable where Plaintiff makes a proper showing of relevance.  Evidence in the internal affairs files concerning other complaints of false arrest, unlawful detention, unlawful search and seizure, excessive force, false reports, and/or false statements go directly to Plaintiff's claims of unlawful detention and arrest and excessive force pursuant to 28 U.S.C. § 1983, false arrest, negligence, and violation of California Civil Code § 52.1.  Evidence of complaints of claims raised in the instant case would be relevant to show a tendency by Deputy Ferguson to commit these acts.  Complaints of dishonesty or false reporting may also show Deputy Ferguson's motive in this instance, and/or may relate to his credibility.  As a result, the Court **OVERRULES** Defendant's official information privilege objection.

C.      Privacy Rights

Defendant asserts that the withheld internal affairs investigative files are subject to privacy protections.  (ECF No. 50 at 13-14).  The Court

notes that Defendant does not describe or attempt to address the specific information contained in the files that are subject to privacy protections. Moreover, Defendant only offers conclusory assertions that Deputy Ferguson's privacy interests outweigh Plaintiff's need for the documents because the files "contain no information regarding sustained excessive force complaints." (*Id.* at 14). Plaintiff maintains that "[a]ny alleged privacy interests in these documents are adequately protected by the Court's protective order." (*Id.* at 9). In the event disclosure is required, Lieutenant Jones requests that personal information regarding Deputy Ferguson, "including his marital status, spouse, children, familial relationships, or images of such people, social security information, driver's license number, residential addresses, health care information, etc." be redacted prior to production. (Jones Decl. ¶ 9).

Federal courts recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. *Soto*, 162 F.R.D. at 616. Courts balance the need for the requested information against the asserted privacy right to resolve privacy objections. *Id.* "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Id.* "Current case law suggests that privacy interests police officers have in their personnel files do not outweigh plaintiff's interests in civil rights cases." *Dowell v. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. 2011) (citing *Soto*, 162 F.R.D. at 617). Additionally, privacy rights can be adequately protected by "tightly drawn" protective orders. *Kelly*, 114 F.R.D. at 662, 666, 671.

The Court finds that Plaintiff's need for discovery in this case outweighs the asserted and generic privacy interests raised by Defendant. The Court also finds that the privacy interests at stake can be adequately

protected by the parties' protective order and the redaction of any highly personal information.  *See Soto*, 162 F.R.D. at 616 (stating that "[a] carefully drafted protective order could minimize the impact of . . . disclosure"). Accordingly, the Court **OVERRULES** Defendant's privacy objection, but **GRANTS** Defendant's request to redact Deputy Ferguson's "marital status, spouse, children, familial relationships, or images of such people, social security information, driver's license number, residential addresses, [and] health care information" prior to production.  (Jones Decl. ¶ 9).  Defendant may not redact findings and conclusions from the internal affairs investigative files.

### IV.    CONCLUSION

Plaintiff's request for documents is **GRANTED**.  Defendant is **ORDERED** to produce to Plaintiff, subject to the Court's Protective Order and with the appropriate redactions outlined above, documents responsive to RFP No. 29 on or before **December 16, 2020**.

**IT IS SO ORDERED**.

Dated:   December 3, 2020

Hon. Mitchell D. Dembin
United States Magistrate Judge