Joseph M. McMullen, Esq. (SBN 246757)
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, California 92101
Telephone: (619) 501-2000
Facsimile: (619) 615-2264
E-Mail: joe@jmm-legal.com

Juan C. Castañeda, Esq. (SBN 240705)
Hillary E. Chaffin, Esq. (SBN 324230)
VENTURE LLP
550 Laguna Drive, Suite A
Carlsbad, California 92008
Telephone: (760) 602-2909
Facsimile: (760) 652-4835
E-Mail: juan@venture-llp.com
hillary@venture-llp.com

Attorneys for Plaintiff William Carr

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; JEFFREY CHU; JOSEPH MCMANUS; CHRISTOPHER CADIGAN; JASON FERGUSON; ALEXANDER SOLIMAN; and DOES 1-10, inclusive.<br><br>    Defendants. | Case No. 19-cv-1139-JLS (MDD)<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' EX PARTE MOTION TO AMEND EXPERT DISCLOSURES AND REOPEN DISCOVERY (ECF #76)**<br><br>Judge:    Hon. Mitchell D. Dembin |

Pursuant to the Court's order setting a briefing schedule, Plaintiff timely files the following response in opposition to Defendants' *ex parte* motion seeking to amend its deficient expert disclosures and reopen discovery.

## I. INTRODUCTION

Over a year ago, Defendants failed to meet the Court's deadline to provide an expert report from its police procedures expert. The expert had no involvement in the incident and his Curriculum Vitae touted him as being "[r]ecognized as a Police Procedures and Use of Force Expert by the San Diego County Sheriff's Department… [who has s]erved as a subject matter resource and testified in both State and Federal Court as an Expert Witness on numerous occasions." After waiting more than a year since their failure to disclose the report, long after all discovery was completed, and summary judgment was fully litigated and decided, Defendants request to reopen expert discovery.

As explained further below, Defendants have not met their burden of establishing good cause and excusable neglect for their failure to comply with the expert disclosure requirements of Rule 26(a)(2)(B) and the Court's Amended Scheduling Order. Accordingly, the motion should be denied.

## II. BACKGROUND

On June 17, 2019, Plaintiff filed the Complaint initiating this lawsuit. (ECF #1). Defendants' filed motions to dismiss the Complaint on July 10, 2019 and September 17, 2019, both of which were denied on March 4, 2020. (ECF #19). The Court issued its Scheduling Order on May 17, 2020 and the parties began the discovery process. On July 2, 2020, Plaintiff filed the instant First Amended Complaint, which included additional defendant deputies. (ECF #33). On September 9, 2020, the parties filed a joint motion to extend the discovery deadlines by thirty days "so the Parties can complete discovery and retain necessary experts." (ECF #39, at 2). The Court granted the request and issued the Amended Scheduling Order, which required the parties to make all expert disclosures by October 14, 2020, all rebuttal disclosures by November 13, 2020, and complete all discovery, including expert discovery, by December 16, 2020. (ECF #40, at 2).

On October 14, 2020, Defendants provided Plaintiff with notice of their intent to offer the testimony of police procedures expert Lt. R. Chris Cross ("Expert Cross"). The notice included a single paragraph about the subject matter of his expected testimony, and

a copy of his curriculum vitae describing him as follows:

> EXPERT WITNESS TESTIMONY:
>
> Recognized as a Police Procedures and Use of Force Expert by the San Diego County Sheriff's Department, the San Diego Regional Law Enforcement Community and the California Commission on Peace Officer Standards and Training. *Served as a subject matter resource and testified in both State and Federal Court as an Expert Witness on numerous occasions.*

Def. Mtn to Reopen Discovery, at Ex. A, p. 37 (ECF #76-1) (emphasis added).

Despite Expert Cross's recognition as a police procedures and use of force expert by the San Diego Sheriff's Department, and his frequent testimony as an expert witness in both State and Federal Court, Defendants did not provide Plaintiff an expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by October 14, 2020.

On January 19, 2021, Defendants filed its motion for summary judgment, which included a declaration by Expert Cross that his review of the body worn camera recordings, incident reports, and deposition transcripts in this case lead him to render the opinion that the deputies arrest of and use of force on Plaintiff was reasonable. (ECF #58-4). On March 18, 2021, Plaintiff filed its response in opposition to Defendants' motion for summary judgment, which included a motion to strike Expert Cross's declaration based on Defendants' failure to comply with Rule 26(a)(2)(B) and the Amended Scheduling Order. (ECF #60).

On September 17, 2021, the Hon. Judge Sammartino held that "<u>Defendants' failure to properly disclose Lt. Cross was neither substantially justified nor harmless,</u>" and granted Plaintiff's motion to strike his declaration. (ECF #72, at p.8-9) (emphasis added). On September 24, 2021, the Court issued the final Pretrial Scheduling Order, requiring the parties to file their Memoranda of Contentions of Fact and Law and comply with all pretrial disclosure requirements by January 28, 2022, exchange exhibits by February 4, 2022, file the Proposed Final Pretrial Conference Order by February 18, 2022, and appear at the Pretrial Conference on February 25, 2022. (ECF #74).

On October 26, 2021, Defendants filed an *ex parte* motion requesting the Court (1) allow Defendants to amend their expert disclosures that are more than a year overdue, and

3

(2) reopen discovery for Expert Cross to be deposed by Plaintiff after providing his written report, and for Plaintiff to designate a rebuttal expert and provide rebuttal disclosures after receiving Expert Cross's written report.

## III. ARGUMENT

### A. Legal Standards

Although Defendants style their motion as a motion to amend their expert disclosures, the relief they seek is a modification of the scheduling order to reopen expert discovery. A request to modify the scheduling order under Rule 16 requires a showing of good cause. Fed. R. Civ. P. 16(b)(4); *see also* ECF #40 at 5 (stating the dates set forth in the Amended Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings "will not be modified except for good cause shown"). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.,*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery).

When a discovery deadline has passed, the party seeking relief from the deadline must demonstrate both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Clay v. Cytosport, Inc.*, 15-cv-0165-L(DHB), 2016 WL 11523615 at *5 (S.D. Cal. Oct. 19, 2016) (considering a motion to re-open discovery under Rule 6(b)(1)(B)).

### B. Defendants' Lack of Diligence Is Fatal To Their Claim of Good Cause

When making a "good cause" evaluation under Rule 16(b), if the party seeking modification of the scheduling order "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

To date (over a year after expert disclosures were due, eleven months after all discovery was completed, and **eight months** after Defendants were put on notice of their

deficient expert disclosures when Plaintiff filed its motion to strike Expert Cross's declaration for failure to provide an expert report), Defendants have still not provided an expert report from Expert Cross. Instead, Defendants have elected a strategy to wait until the Court issued its decision on Defendants' fully-litigated motion for summary judgment before seeking to reopen expert discovery for another bite at the apple now that trial is inevitable.

Defendants' suggestion that it was a mere oversight or misunderstanding for them to fail to provide a required expert report for their police procedures expert strains credulity given he had no involvement in the incident and he is "[r]ecognized as a Police Procedures and Use of Force Expert by the San Diego County Sheriff's Department… [who has s]erved as a subject matter resource and testified in both State and Federal Court as an Expert Witness on numerous occasions." Def. Mtn to Reopen Discovery, at Ex. A, p. 37 (ECF #76-1) (emphasis added). However, even giving Defendants the benefit of the doubt that their initial oversight or misunderstanding was genuine, they lack any reasonable justification for failing to provide an expert report for another eight months (and counting) after Plaintiff filed its motion to strike Expert Cross's declaration due to his failure to provide an expert report.

Accordingly, because Defendants have not been diligent, they cannot establish good cause to amend the scheduling order and reopen expert discovery a year late.

**C.    Defendants Request to Satisfy the Expert Disclosure Requirements Over a Year Late Is Not Justified by Excusable Neglect**

Defendants inability to establish excusable neglect is an independent basis for denying their motion to reopen expert discovery. Fed. R. Civ. P. 6(b)(1)(B). In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), the United States Supreme Court established a four-part balancing test for determining "excusable neglect." The factors include (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the moving party's conduct was in good faith.

*Id.* at 395. The weighing of the equitable factors is left to the discretion of the court. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

**1.     The Danger of Prejudice to Plaintiff**

Just as courts in this district have previously held, "there is danger [Plaintiff] will be prejudiced by reopening discovery this late into the case." *Yeoman et al. v. Ikea U.S. West, Inc.*, 11-cv-701-BAS-BGS, Doc. No. 125 at 7-8 (S.D. Cal. Oct. 22, 2013) (district court affirming Magistrate Judge's denial of motion to reopen expert discovery due to lack of excusable neglect). As the Hon. Judge Bashant and Hon. Magistrate Judge Skomal explained in its evaluation of the prejudice prong, "[the non-moving party] would be prejudiced by… incur[ring] additional costs by having to designate an expert of its own to rebut whatever [the moving party's] new expert offers opinions about, as well as to incur costs reviewing [the moving party's] expert's opinions and taking the expert's deposition." *Id.* at 7-8. Similarly, allowing Defendants to reopen expert discovery and finally provide an expert report would cause Plaintiff to incur additional costs by having to designate an expert to rebut whatever opinions Defendants' expert report contains, as well as to incur costs reviewing Defendants' expert's opinions and preparing for and taking the expert's deposition.

Accordingly, if the scheduling order is amended to reopen expert discovery, the danger of prejudice to Plaintiff weighs against a finding of excusable neglect.

**2.     The Length of Delay and Its Potential Impact on Judicial Proceedings**

In *Yeoman*, the district court upheld the Magistrate Judge's conclusion that a three month extension for fact and expert discovery was a significant delay, given that "the total delay will be 12 months because [the moving party] waited nine months before making the request to reopen." *Id.* at 8. Here, although Defendants have not estimated how long it will take for Expert Cross to produce his expert report, for Plaintiff to designate and produce a report for a rebuttal expert, and for Plaintiff to take Expert Cross's deposition, it is difficult to imagine how all of that could occur in less than two months, especially around the holidays. Thus, the total delay will be at least ten months because Defendants

waited eight months after Plaintiff filed its motion to strike Expert Cross's declaration for failure to provide an expert report before making the request to reopen expert discovery. Ten months is a significant delay. *See id.* (finding a year to be a significant delay).

Given the Hon. Judge Sammartino's order requiring the parties to file their Memoranda of Contentions of Fact and Law and comply with all pretrial disclosure requirements by January 28, 2022, reopening expert discovery has the potential to impact the pretrial conference scheduled for the following month, and consequently, the trial date. Accordingly, the significant length of the delay and its potential impact on judicial proceedings weighs against a finding of excusable neglect.

**3. The Reason for the Delay**

As discussed in Section III.B above, even assuming Defendants' explanation for missing the October 2020 expert disclosure deadline due to an oversight or misunderstanding of the rules is reasonable, there is no reasonable justification for delaying another eight months (and counting) to comply after Plaintiff's motion to strike Expert Cross's declaration put Defendants on notice of their deficient disclosures in March 2021. Nor is there any reasonable justification for waiting seven months to file the instant motion to reopen expert discovery after Plaintiff's March 2021 motion to strike Expert Cross's declaration.

Just as the courts found in *Yeoman*, Defendants' "proffered reasons for the delay in requesting to reopen discovery [appear] to be tactical choices," and such "reasons weigh against a finding of excusable neglect." *Id.* at 9.

**4. Whether Defendants' Conduct Was in Good Faith**

The district court and Magistrate Judge in *Yeoman* held that this factor does not weigh in either party's favor where, "It does not appear… that the calculated decision to wait this many months before asking to reopen discovery was in good faith. [The moving party] made a willful and deliberate decision to act in the manner they have. However, … [the moving party's] actions were not 'devious… or bad faith failure…'" *Id.* at 9.

Similarly here, Defendants' decision to wait at least seven months from when they

were put on notice of their deficient expert disclosures before asking to reopen expert discovery represents "a willful and deliberate decision to act in the manner they have." *Id.* However, Plaintiff does not take the position that Defendants' actions were devious or in bad faith. Accordingly, this factor does not weigh in either party's favor.

Three of the four *Pioneer* factors set forth above weigh against a finding of excusable neglect, with the fourth factor being neutral. Consequently, the Court should find that Defendants' have failed to establish that their late request to reopen expert discovery is not justified based on excusable neglect.

### D. Defendants Reliance on *Lanard Toys Ltd.* is Misplaced

Defendants cite the unpublished Ninth Circuit decision, *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010), describing it as "allowing testimony at trial by an expert whose full report was not timely disclosed." (ECF #76, at 2). However, the facts of *Lanard Toys Ltd.* render its holding inapposite to the instant case:

> Although Lanard did not strictly comply with the requirements of [Rule 26(a)(2)(B)] by the disclosure deadline [on September 15, 2006], it … fully satisfied Rule 26(a)(2)(B) on October 23, 2006 – *more than three weeks before the cut-off date for expert discovery*…"

375 F. App'x at 713.

Unlike *Lanard Toys Ltd.*, the instant motion does not involve a missed expert disclosure deadline that was followed by complete disclosure weeks *before* the end of discovery. As a result, *Lanard Toys Ltd.* sheds little light on a motion to reopen expert discovery where expert disclosures are over a year overdue (and counting), and the filing of the motion to reopen was delayed for months until after the motion for summary judgment was decided.

### IV. CONCLUSION

Defendants have not met their burden of establishing good cause and excusable neglect for their failure to comply Rule 26(a)(2)(B)'s expert disclosure requirements. Accordingly, the Court should deny Defendants' motion to amend its expert disclosures and to reopen expert discovery.

Dated: November 15, 2021

/s/ Joseph M. McMullen
Joseph M. McMullen
Attorney for Plaintiff William Carr