UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendants. | Case No.: 19cv1139-JLS-MDD<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE MOTION TO AMEND EXPERT DISCLOSURES**<br><br>[ECF No. 76] |

On September 17, 2021 in connection with summary judgment proceedings, the Court granted William Carr's ("Plaintiff") motion to strike the declaration of Lieutenant Criss Cross, finding that Lt. Cross should have been disclosed as a Federal Rule of Civil Procedure 26(a)(2)(B) expert witness accompanied by a written report. (ECF No. 72 at 6-9). The Court specifically found that Defendants' failure to properly disclose Lt. Cross "was neither substantially justified nor harmless" at the summary judgment stage. (*Id.* at 9). Now, Defendants move to amend their expert disclosures to designate Lt. Cross pursuant to Rule 26(a)(2)(B). (ECF No. 76). Plaintiff opposes Defendants' motion. (ECF No. 78).

"If a party fails to provide information or identify a witness as required in [Federal] Rule [of Civil Procedure] 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Court finds that Defendants' failure to properly disclose Lt. Cross is not substantially justified for the reasons stated in the Court's order granting Plaintiff's motion to strike Lt. Cross's declaration. (*See* ECF No. 72 at 6-9). However, the Court now finds that error is harmless. The case is in a different procedural posture than it was when the Court ruled on Defendants' motion for summary judgment. At that stage, the Court would have considered Lt. Cross's declaration without providing Plaintiff an opportunity to properly rebut his statements. The parties now have time to remedy the error prior to the pre-trial conference before United States District Judge Janis L. Sammartino. This permits the Court and a jury at trial to fully consider the case on the merits. Accordingly, the Court **GRANTS** Defendants' motion. (ECF No. 76). **IT IS FURTHER ORDERED** that discovery is re-opened for the following limited purpose:

1. Defendants must serve on Plaintiff Lt. Cross's expert report on or before **December 2, 2021.** Any contradictory or rebuttal disclosures to Lt. Cross's expert report by Plaintiff within the meaning of Federal Rule of Civil Procedure 26(a)(2)(D)(ii) shall be disclosed on or before **January 14, 2022.**

2. Expert discovery regarding Lt. Cross and any rebuttal expert to Lt. Cross shall be completed by all parties by **February 11, 2022**. Any deposition of Lt. Cross is **ORDERED** to occur at Defendants' expense.

All other dates and guidelines remain as previously set. (*See* ECF No. 74).

**IT IS SO ORDERED**.

Dated: November 18, 2021

*[signature]*
Hon. Mitchell D. Dembin
United States Magistrate Judge