UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; JEFFREY CHU; JOSEPH MCMANUS; CHRISTOPHER CADIGAN; JASON FERGUSON; ALEXANDER SOLIMAN; and DOES 1–10, inclusive,<br><br>    Defendants. | Case No.: 19-CV-1139 JLS (MDD)<br><br>**ORDER GRANTING JOINT MOTION FOR BIFURCATION OF TRIAL**<br><br>(ECF No. 91) |

Presently before the Court is the Parties' Joint Motion for Bifurcation of Trial ("Joint Mot.," ECF No. 91). The Parties request that the Court bifurcate the trial into two phases. *Id.* at 2. The first phase would determine whether Defendants violated Plaintiff's rights, Plaintiff's entitlement to and amount of compensatory damages, and whether Defendants' conduct was such that punitive damages are warranted. *Id.* The second phase would concern the amount of punitive damages and Defendants' ability to pay. *Id.*

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues[.]" Fed. R. Civ. P. 42(b). The rule "confers broad discretion upon the district court to bifurcate a trial[.]" *Zivkovic v. S. Cal.*

*Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Factors relevant to bifurcation include "[1] avoiding prejudice, [2] separability of the issues, [3] convenience, [4] judicial economy, and [5] reducing risk of confusion." *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001) (citation omitted). "Only one of Rule 42(b)'s conditions has to be met for the court to order a separate trial." *United States v. Shell Oil Co.*, No. CV 91-0589-RJK, 1992 WL 144296, at *11 (C.D. Cal. Jan. 16, 1992) (citing *In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310 (C.D. Cal. 1975)).

The Parties collectively contend, and the Court agrees, that bifurcation is appropriate here. Defendants' ability to pay is a separable issue, and presenting such evidence prior to a determination of liability could be confusing and prejudicial. Joint Mot. at 3. Further, if the jury decides in the first phase that Defendants are not liable or that the Defendants' conduct was not such that punitive damages are warranted, bifurcation would promote convenience and economy by rendering moot the second phase of the trial. *Id.* at 3–4.

Accordingly, good cause appearing, the Court **GRANTS** the Joint Motion (ECF No. 91).

**IT IS SO ORDERED.**

Dated: April 8, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge