UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CARR,<br><br>                          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; JEFFREY CHU; JOSEPH MCMANUS; CHRISTOPHER CADIGAN; JASON FERGUSON; ALEXANDER SOLIMAN; and DOES 1–10, inclusive,<br><br>                         Defendants. | Case No.: 19-CV-1139 JLS (MDD)<br><br>**ORDER: (1) VACATING JUNE 16, 2022 HEARING; (2) GRANTING IN PART AND DENYING IN PART MOTIONS *IN LIMINE* AND GRANTING DEFENDANTS' ACCOMPANYING MOTION TO SEAL; AND (3) SETTING STATUS CONFERENCE**<br><br>(ECF Nos. 93–101) |

Presently before the Court are Plaintiff William Carr's and Defendants County of San Diego, Jeffrey Chu, Joseph McManus, Christopher Cadigan, Jason Ferguson, and Alexander Soliman's (collectively, "Defendants") Motions *in Limine* ("MILs," ECF Nos. 94–101). Also before the Court is Defendants' Motion to Seal ("Mot. to Seal," ECF No. 93). The Court finds these matters to be amenable to decision on the papers without oral argument and accordingly **VACATES** the hearing scheduled for June 16, 2022. Having considered the Parties' arguments and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** the Parties' MILs, as discussed below, and **GRANTS** Defendants' accompanying Motion to Seal. However, the Court emphasizes that, given

1

the nature of motions *in limine*, the Court's rulings are necessarily tentative and may be revisited during trial. *See United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) ("The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling.").

## BACKGROUND

Plaintiff, a Type 1 diabetic, brings this civil rights action against the County of San Diego and five individual Defendants employed by the San Diego Sheriff's Department, asserting claims arising out of his arrest and detention on July 15, 2018, both within and outside of the East Village Asian Diner. *See generally* ECF No. 33. The Court granted summary judgment in Defendants' favor as to Plaintiff's claim for unlawful detention and arrest but otherwise denied their summary judgment motion. *See* ECF No. 72.

A Final Pretrial Conference was held on February 24, 2022, and trial is scheduled to begin on September 19, 2022. *See* ECF No. 89. In the interim, the Court set a deadline for the filing of the instant motions *in limine*. *See* ECF Nos. 94–101. The Parties further jointly moved to bifurcate the trial into two phases, with the first phase to decide liability, compensatory damages, and Plaintiff's entitlement to punitive damages, and the second phase, if needed, to determine the amount of punitive damages and Defendants' ability to pay, *see* ECF No. 91, which motion this Court has granted, *see* ECF No. 92.

## PLAINTIFF'S MOTIONS *IN LIMINE*

### I.   Motion *in Limine* No. 1 (Exclude Evidence of Prior Adverse Medical Events)

Plaintiff's first motion *in limine* seeks to exclude evidence of Plaintiff's prior adverse medical events, including hundreds of pages of Plaintiff's medical records predating the incident, as well as testimony from two of Plaintiff's physicians and Defendants' endocrinologist expert witness, who Defendants seek to offer "for the purpose of presenting [Plaintiff]'s 'history and management of diabetes.'" ECF No. 100 at 6. In particular, Defendants seek to introduce evidence of three prior events in 2015 and 2016 when medics and/or emergency personnel were summoned in response to Plaintiff's low blood sugar incidents. *Id*. Defendants' endocrinologist, Dr. Kristen M. Kulasa, M.D., extrapolates

1  from these incidents that Plaintiff suffered from hypoglycemic unawareness, and that
2  Plaintiff's unspecific symptoms coupled with his lack of medical ID would have been
3  impossible to differentiate from other causes of altered mental state such as intoxication.
4  *Id.* at 7.

5        Plaintiff argues that exclusion is appropriate under Federal Rule of Evidence 403, as
6  the probative value of the medical evidence is extremely limited given that the Parties have
7  already stipulated to the fact that Defendants did not know that Plaintiff was suffering from
8  a diabetic emergency at the time of his arrest inside the restaurant. *Id.* at 8–9. Meanwhile,
9  Plaintiff contends that the evidence presents a high danger of unfair prejudice, confusion
10 of the issues, and wasted time. While Plaintiff's management of his diabetes on the day of
11 the incident is relevant and admissible, evidence of years-old events would serve only to
12 "inflame the jury" by showing that Plaintiff had yelled at first responders and crashed a
13 vehicle during a low blood sugar episode after drinking alcohol. *Id.* at 9. Plaintiff
14 alternatively contends that the evidence should be excluded under Federal Rule of
15 Evidence 404 given that three low blood sugar episodes years prior to the incident are
16 insufficient evidence of a habit of mismanagement of Plaintiff's diabetes. *Id.* at 10–11.

17       Defendants oppose Plaintiff's motion and argue that the evidence in question is
18 admissible under Federal Rule of Evidence 401, as Plaintiff's past hypoglycemic events
19 put him on notice that he needed to exercise more care in managing his diabetes and follow
20 the advice of his medical providers to wear a medical ID bracelet and have short-acting
21 glucose on hand, which he did not do on the date of the incident. *See* ECF No. 110 at 2–
22 3. Plaintiff's failures were a contributing factor to Plaintiff's injuries. *Id.* at 2. Defendants
23 also claim that the evidence is relevant to the issue of Plaintiff's emotional distress damages
24 given that Plaintiff's distress could be attributable to experiencing yet another low blood
25 sugar episode rather than a confrontation with Defendants. *Id.* at 3–4. Defendants note
26 that they do not intend to offer this testimony to establish Plaintiff's character or habit, *see*
27 *id.* at 5 n.2, but they argue that Federal Rule of Evidence 403 does not merit exclusion
28 / / /

because the evidence is highly relevant and its probative value is not *substantially* outweighed by the factors identified by Plaintiff. *Id.* at 4–5.

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's first motion. On the one hand, the Court agrees that there is a significant danger of unfair prejudice to Plaintiff if the details of his 2015 and 2016 prior hypoglycemic incidents are admitted, which are likely to distract from the issues of this case. Further, Plaintiff's medical history is irrelevant to certain issues, like probable cause or Defendants' entitlement to qualified immunity. *See Hernandez v. Hansell*, No. 614CV1351ORL22DAB, 2016 WL 8943279, at *10 (M.D. Fla. July 11, 2016) (in rejecting, among other evidence, medical records and suicide history in an excessive force case, holding that "[t]he relevant facts are only those circumstances confronting and known by Deputy Davila at the time of the relevant incident"), *aff'd*, 695 F. App'x 523 (11th Cir. 2017). On the other hand, the Court agrees that Plaintiff's history of hypoglycemic episodes is highly probative to Defendants' contributory negligence defense. *See* ECF No. 35 at 7–8; ECF No. 36 at 7–8. The stipulation that Plaintiff was suffering from a diabetic emergency at the time of his arrest is inadequate in this regard. The Court encourages the Parties to confer and propose a stipulation resolving the issue of Plaintiff's history of hypoglycemia. In the absence of agreement, the Parties shall provide the Court with competing proposed stipulations.

As to testimony from Plaintiff's doctors about his history and management of his diabetes and their medical advice and testimony from Defendants' endocrinologist about Plaintiff's possible hypoglycemic unawareness, the Court is disinclined at this time to exclude such testimony, as it again seems highly probative to the issue of contributory negligence and unlikely, at least facially, to be particularly prejudicial, confusing, or wasteful of time. However, the Court believes, given the fact that this evidence is also irrelevant to certain issues, that a limiting instruction is likely appropriate. Again, the Court encourages the Parties to confer and propose a limiting instruction. To the extent the Parties cannot agree, they shall provide the Court with competing proposed limiting instructions.

## II. Motion *in Limine* No. 2 (Exclude Improper Expert Testimony)

Plaintiff's second motion *in limine* seeks to exclude testimony from Defendants' police procedures expert, Lt. Chris Cross, as to whether probable cause existed to arrest Plaintiff for resisting or obstructing an officer. ECF No. 101 at 3. Plaintiff argues that "[o]pinion testimony on the legal issue of probable cause is *per se* improper," ECF No. 101 at 3 (citing *Hunter v. Bryant*, 502 U.S. 224, 227–28 (1991)), and that is precisely the type of testimony Lt. Cross will provide. *Id.* at 4 ("As the situation progressed, it is my opinion that the arresting deputies had probable cause to believe Mr. Carr was in violation of PC Section 148(a)(1).") (quoting Ex. 1 (Cross Report) at 5) (emphasis omitted). Such testimony essentially would "usurp[] the jury's role." *Id.*

Defendants agree that, to the extent this motion seeks only to exclude expert witness testimony as to whether Defendants had probable cause to arrest Plaintiff for violation of California Penal Code section 148, such opinion testimony should not be offered by experts for either side. ECF No. 111 at 1. However, should Plaintiff's motion extend to whether Defendants' actions were consistent with policies, training, and/or generally accepted police practices, Defendants ask the Court to deny the motion on the basis that "[i]t is well established that a police practices expert may testify regarding whether deputies' conduct comported with applicable policies and procedures," and that such evidence "does not amount to a legal conclusion." *Id.* at 1–2 (citations omitted).

The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's second motion. As Defendants concede, opinion testimony as to whether Defendants had probable cause to arrest Plaintiff for resisting or obstructing a police officer is an impermissible legal conclusion. Accordingly, no expert in this matter—including Defendants' police procedures expert—may provide such an opinion. *See McNally v. Riis*, No. 18-CV-1150 JLS (AGS), 2020 WL 209141, at *3 (S.D. Cal. Jan. 14, 2020) ("[E]xpert testimony concerning probable cause is a legal issue and not the proper subject of expert testimony.") (citations omitted); *Contreras v. Gonzalez*, No. 118CV01101AWISKO, 2020 WL 6887743, at *3 (E.D. Cal. Nov. 24, 2020) ("[E]xperts may not opine, for example, on

whether there was probable cause for an arrest.") (citations omitted). However, Defendants' expert may testify about police practices and procedures "and whether [Defendants'] conduct was consistent or inconsistent with such guidelines." *Ramirez v. City of Gilroy*, No. 17-CV-00625-VKD, 2020 WL 1492704, at *7 (N.D. Cal. Mar. 27, 2020); *see also Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc) (holding that expert could testify as to, and jury could properly rely upon, evidence concerning "whether the officers' conduct comported with law enforcement standards").

## DEFENDANTS' MOTIONS *IN LIMINE*

### I. Motion *in Limine* No. 1 (Exclude Evidence of Unrelated Officer Complaints)

Defendants' first motion *in limine* seeks to exclude the admission of evidence, testimony, and arguments related to citizen complaints against one of the officer defendants and internal investigations related thereto. ECF No. 94 at 1. Defendants produced internal affairs records to Plaintiff during discovery, including documents relating to three citizen complaints made against one of the named defendants in 2016, 2017, and 2019. *Id.* at 2. Internal investigations of each complaint, conducted by the Sheriff's Department, found the complaints unsubstantiated or unfounded and exonerated the deputy in question. *Id.* Defendants request that portions of this motion be filed under seal, as the information in question is "confidential sensitive information that is statutorily-protected from public disclosure." Mot. to Seal at 2 (citing 5 U.S.C. §§ 552(b)(6), (b)(7)). Defendants further claim that "[d]istrict courts routinely seal publicly-filed documents containing information related to internal affairs complaints and investigations." *Id.* (citations omitted). Finally, Defendants argue that the materials are subject to a stipulated protective order. *Id.* (citation omitted). Plaintiff does not oppose the Motion to Seal.

As to the substance of their motion, Defendants argue that here, evidence related to a deputy's past misconduct and any action taken by the County to investigate and/or discipline the deputy is irrelevant because Plaintiff asserts no *Monell* claim against the County. ECF No. 94 at 2. Defendants further argue that even if the evidence was relevant, it should be excluded under Federal Rule of Evidence 403. Defendants claim the risk of

unfair prejudice outweighs any probative value. *Id.* (citing *Tan v. City & Cnty. of San Francisco*, No. C 08-01564 MEJ, 2010 WL 726985, at *2 (N.D. Cal. Feb. 26, 2010)). Defendants further argue that the evidence would confuse the issues and mislead the jury because unsubstantiated complaints are not probative to whether the deputy in question used excessive force against Plaintiff in this matter. *Id.* at 3–4 (citations omitted). Finally, Defendants claim that permitting the evidence would lead to a "trial within a trial" that would unnecessarily lengthen the trial proceedings here. *Id.* at 3. Alternatively, Defendants claim the evidence should be precluded under Federal Rule of Evidence 404 as improper character evidence. *Id.* at 4.

Plaintiff responds that "[he] does not intend to present any such evidence, testimony, or arguments." ECF No. 105 at 1. Nonetheless, "if Defendants or their counsel open the door with testimony or arguments creating a false impression that Defendants have never engaged in excessive force or false statements, then Plaintiff reserves the right to seek leave of the Court to use the Defendant Deputy's citizen complaints and internal affairs investigations for impeachment purposes." *Id.*

In light of Plaintiff's representations that he will not affirmatively offer such evidence, the issue is moot. Accordingly, the Court **DENIES AS MOOT** Defendants' motion. Further, given both the irrelevance of the evidence in question due to Plaintiff's representations and Defendants' compelling privacy interest therein, the Court finds that sealing the unredacted motion (ECF No. 94) is appropriate. *See Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *3 (N.D. Cal. Aug. 9, 2012) (sealing internal affairs investigations and complaints not probative to section 1983 case). The Court also finds it noteworthy that Plaintiff does not oppose the request. Accordingly, the Court **GRANTS** Defendants' accompanying motion to seal.

II.   **Motion *in Limine* No. 2 (Exclude Lay Testimony Regarding Diagnoses/Injuries)**

Defendants' second motion *in limine* seeks to preclude Plaintiff from providing lay opinion testimony about (1) diagnosis of any medical or mental health condition resulting from the incident; (2) causation of injuries requiring specialized medical knowledge; and

(3) the worsening of any pre-existing medical or mental health conditions requiring specialized medical knowledge.  ECF No. 96 at 2.  Specifically, Plaintiff claims to have suffered headaches, head pain, back pain, wrist pain, shoulder pain, and abrasions to his back because of the incident, and to have suffered severe emotional distress and humiliation, but Plaintiff received no medical examination or treatment for his alleged injuries and has not designated any expert on these issues.  *Id.*

Defendants argue that the evidence should be precluded under Federal Rule of Evidence 701.  To the extent a medical or mental health condition would require a diagnosis from a professional, Plaintiff and other lay witnesses should be precluded from labeling Plaintiff's alleged injuries.  *Id.* at 3.  To the extent that determining the cause of Plaintiff's injuries is beyond common experience, Plaintiff and other lay witnesses should be precluded from providing opinions to that effect.  *Id.*  Defendants contend that Plaintiff and other lay witnesses lack the specialized medical knowledge necessary to opine as to whether the incident aggravated any preexisting conditions (for instance, that Plaintiff's shoulders slid out of place due to an old football injury).  *Id.*

Plaintiff concedes that Rule 701 prohibits a lay witness from offering opinion testimony based on specialized knowledge, but claims that "[t]his motion, if granted, would prohibit usual and common communications regarding Plaintiff's own perceptions of his physical and emotional injuries."  ECF No. 106 at 1.  To illustrate, "depressed" is a psychiatric diagnosis in the medical community but means "sad" or "disappointed" to a member of the general public; a jury can understand the difference between the two usages. *Id.* at 1–2 (citing *Farafaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 563 (7th Cir. 2006); *Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985)).  Thus, Plaintiff and other lay witnesses can and should be allowed to describe their perceptions of Plaintiff's harm.  *Id.* at 2.  Plaintiff further argues that expert testimony as to causation is not required if a layperson can make an informed judgment without such testimony.  *Id.* at 2–3 (citing *Baca v. State of California*, No. C 13-02968 SBA, 2016 WL 234399, at *8 (N.D. Cal. Jan. 20, 2016)).

The Court **GRANTS IN PART AND DENIES IN PART** Defendants' second motion. Specifically, "Plaintiff will be allowed to testify about his own medical conditions that are within his own sensory perceptions; and Plaintiff, or any lay witness, will be allowed to testify about any 'opinions result[ing] from a process of reasoning familiar in everyday life' with respect to Plaintiff's perceived medical or emotional state." *Brown v. King Cnty.*, No. C16-1340 TSZ, 2021 WL 2156614, at *2 (W.D. Wash. May 27, 2021) (citing Fed. R. Evid. 701, 2000 Advisory Committee Notes; *Cole v. United States*, 327 F.2d 360, 361 (9th Cir. 1964); Fed. R. Evid. 702).  This includes Plaintiff's perceived cause of the injuries of which he has direct perceptive knowledge.  *Mitchell v. Rosario*, No. 2:09-CV-03012-RCJ, 2015 WL 6706776, at *2 (E.D. Cal. Nov. 2, 2015).  Thus, Plaintiff is permitted "to call lay witnesses who are direct witnesses to the emotional and mental distress caused by Defendants . . . .  Defendants can vigorously cross-examine Plaintiff[']s[] witnesses and object to particular questions at trial."  *Dees v. Cnty. of San Diego*, No. 3:14-CV-0189-BEN-DHB, 2017 WL 168569, at *8 (S.D. Cal. Jan. 17, 2017).  However, "as a lay witness [Plaintiff] cannot express a medical diagnosis or causation unless it is within the usual and ordinary experience of a lay person.  Similarly, [other percipient witnesses] may testify as to what [they] observed with respect to Plaintiff's physical and mental condition, but [they] also may not express a medical diagnosis or opinions on causation."  *Lawson v. Lawson*, No. 3:14-CV-00345-WGC, 2015 WL 5474763, at *2 (D. Nev. Sept. 17, 2015).  With regard to the question of whether Defendants' actions aggravated any preexisting injuries, Plaintiff certainly is qualified to speak about his personal perceptions of, for example, his levels of mobility and pain before and after the accident.

### III. Motion *in Limine* No. 3 (Preclude Statements Regarding Racial Prejudice)

Defendants' third motion *in limine* seeks to preclude evidence, testimony, or argument that Plaintiff's race was a motivating factor in Plaintiff's arrest or Defendants'

/ / /

/ / /

use of force. ECF No. 97 at 2.  During his deposition, Plaintiff revealed that he had been interviewed on social media about the incident and suggested that the force used against him and his ultimate arrest were based on his race. *Id.*

Defendants argue that testimony about race is irrelevant given that Plaintiff has not asserted a racial discrimination or equal protection claim. *Id.*  Defendants argue that no evidence was unearthed during discovery to support a claim of racial animus. *Id.*  Had Plaintiff asserted such a claim, Defendants would have moved to dismiss it on summary judgment as insufficiently supported by the record. *Id.* at 2–3.  Defendants alternatively argue that the testimony should be precluded under Federal Rule of Evidence 403, as such testimony will confuse the issues and cause undue prejudice because it may lead the jury to want to punish Defendants for their alleged racial bias rather than evaluate the relevant facts and law. *Id.* at 3–4.

Plaintiff counters that "[his] race and experience as an African-American is an integral component of the anguish, embarrassment, anxiety, and humiliation he suffered as a result of the incident," and thus "[t]he jury's evaluation of his claim for damages will rest heavily upon his testimony describing these emotional injuries." ECF No. 107 at 1 (citation omitted).

The Court agrees with Plaintiff that such evidence is potentially relevant in the circumstances of this case.  In rejecting a similar argument in a civil rights case against police officers asserting claims for an illegal vehicle stop, an illegal search, and use of excessive force, the Ninth Circuit reasoned:

> The relevance of the subject of racial bias is readily apparent, for several reasons. First, proving the officers' actions were racially motivated could explain why they stopped the boys' vehicle without probable cause or reasonable suspicion and also why they used excessive force without cause.  Establishing the officers' racial motivation tends to demonstrate why the plaintiffs' testimony, and not the officers', should be deemed credible by the jurors. That is, it explains why the officers might have lied about the events in question. Finally, racial bias was important to proving the defendants['] conduct was "malicious,

> wanton or oppressive or in reckless disregard of the plaintiffs' rights" which, according to the jury instructions, was necessary to the receipt of punitive damages. The defendants' argument that race was introduced into this case improperly is without merit.

*Price v. Kramer*, 200 F.3d 1237, 1251 (9th Cir. 2000); *see also Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1399245, at *13 (N.D. Cal. Apr. 13, 2011) (citing *Price*, 200 F.3d at 1250–51). Courts in other jurisdictions have similarly permitted such evidence and testimony, even where the plaintiff has not asserted a claim of race discrimination. *See, e.g.*, *Carthans v. Jenkins*, No. 04 C 4528, 2005 WL 8179040, at *2 (N.D. Ill. Oct. 6, 2005) ("Plaintiff's complaint does not allege racial discrimination, but plaintiff makes clear that he intends to show that defendants were motivated, at least in part, by plaintiff's race and the fact that Curro is a different race. Even absent a claim of race discrimination, such evidence might be intended to support punitive damages for the claimed excessive force."); *Porter v. Campbell*, No. 12-2092, 2013 WL 2949141, at *1 (C.D. Ill. June 14, 2013) ("The Court agrees that evidence of racial slurs and bias is relevant to Defendant's motivation and to the reasonableness of his conduct and concludes that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice to Defendant. The Court is confident that counsel will be able to clarify for the jury that the issues in this case relate to Defendant's use of force and that the possible existence of racial bias or discrimination per se is not at issue except to the extent it relates to the reasonableness of the force."). Accordingly, the Court **DENIES** Defendants' third motion. The Court will consider, as appropriate, a proposed limiting instruction on this issue.

### IV. Motion *in Limine* No. 4 (Preclude Improper and Prejudicial Arguments)

Defendants' fourth motion *in limine* seeks to preclude Plaintiff's counsel from making improper statements during his opening statement and his closing argument such as asking the jury to "send a message," asking the members of the jury to place themselves in Plaintiff's shoes, or commenting on his belief in the merits of Plaintiff's case. ECF No. 98 at 2. Defendants note that Plaintiff's counsel was counsel for the plaintiffs in another

case recently tried in this district (*Gregory McNally v. Daniel Riis*, 3:18-cv-1150-CAB-AGS) in which similar statements were made during the closing argument. *Id.*

Defendants claim that, while "oratorical flourish" is permissible, the Ninth Circuit does not allow counsel to urge jurors to use a verdict to send a message to the defendants or protect community values. *Id.* at 3 (citations omitted). This is because such statements impair a jury's ability to consider the totality of the evidence fairly, particularly when weighing the parties' credibility is case determinative. *Id.* (citations omitted). It is also improper, Defendants contend, to argue that finding for one party is in the jurors' self-interest. *Id.* at 4 (citations omitted). "Golden Rule" testimony inviting jurors to imagine themselves in the plaintiff's shoes is improper under Rule 403 because it has a tendency to confuse the issues and impermissibly arouse the jurors' sympathies. *Id.* at 4–5. Finally, the ABA Model Rules prohibit statements alluding to a lawyer's personal beliefs regarding the merits of the case, but Plaintiff's counsel made such prejudicial statements in *McNally*. *Id.* at 6.

Plaintiff concedes that "'Golden Rule' arguments related to damages" should be precluded, but argues that the remainder of Defendants' motion should be denied. *See* ECF No. 108 at 1. First, Plaintiff asserts that Defendants' request to prevent Plaintiff from urging the jury to "send a message" is contrary to binding Ninth Circuit precedent in cases involving punitive damages. *Id.* (citations omitted). One of the purposes of punitive damages is to punish and deter abuses of power. *Id.* at 2. And the purpose of deterring and preventing such abuses is public safety. *Id.* To the extent the Court is inclined to rule that discussion of public safety is not permissible, "[such a ruling] would have to apply to both sides." *Id.* Second, Plaintiff contends that broad preclusion of all types of "Golden Rule" arguments is unwarranted given that Golden Rule arguments addressed to issues of liability or the reasonableness of a party's conduct are not necessarily improper. *Id.* at 3. Plaintiff argues that "it is difficult to imagine how the jurors could assess liability based on the reasonableness of the Defendants' conduct in light of the facts and circumstances known at the time without putting themselves in the shoes of the Defendants." *Id.* (citation

omitted). Finally, Plaintiff argues that while prosecutors are not permitted to express their opinions as to the merit of their cases or the credibility of witnesses, imposing such constraints on a plaintiff's counsel is unwarranted under both Ninth Circuit and California law. *Id.* at 4 (citations omitted).

"[J]urors may be asked to place themselves in the shoes of a party with respect to issues of liability." *Coachman v. Seattle Auto Mgmt. Inc.*, No. 17-187RSM, 2018 WL 4510067, at *5 (W.D. Wash. Sept. 20, 2018) (citation omitted). As to exhortations to "send a message," the Court agrees with Plaintiff that such argument is permissible when punitive damages are at issue, as here. *See Coachman*, 2018 WL 4510067, at *5 ("'[C]onscience of the community' and 'send a message' arguments are appropriate in cases seeking punitive damages.") (citation omitted); *Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 519 (9th Cir. 2004) ("Reminding the jury that they have the capacity to deter defendants and others similarly situated is certainly legitimate where punitive damages are at stake."). Accordingly, Plaintiff may make such arguments consistent with the language of any punitive damages instructions given to the jury. *See Johnson v. City of Olympia*, No. C17-5403-MJP, 2018 WL 8918629, at *1 (W.D. Wash. Oct. 12, 2018); *see also Settlegoode*, 371 F.3d at 519.

Finally, as to Plaintiff's counsel expressing his beliefs as to the justness or strength of his client's claims, the Court notes that California Rule of Professional Conduct 3.4 does not include a provision that parallels ABA Model Rule 3.4(e), on which Defendants rely for their position. *See* ECF No. 98 at 4–5 (citing ABA Model Rule 3.4(e)). Indeed, in the Executive Summary of New Rule of Professional Conduct 3.4, the Commission for the Revision of the Rules of Professional Conduct (the "Commission") noted that it was "rejecting several provisions of Model Rule 3.4," including paragraph (e), "as vague and overbroad, and likely to chill legitimate advocacy." *See* Executive Summary, New Rule of Professional Conduct 3.4, *available at* https://www.calbar.ca.gov/Portals/0/documents/rules/Rule_3.4-Exec_Summary-Redline.pdf at 2. Specifically, the Commission found that the rejected paragraphs "conflict with California law, are overbroad and likely to chill

legitimate advocacy, or both." *Id.* (footnote omitted). Accordingly, the Court is disinclined to bar Plaintiff's counsel from making such statements at this time.

Thus, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' fourth motion. Plaintiff shall not make Golden Rule statements related to damages; however, for purposes of issues of liability, both Parties are permitted to invite jurors to put themselves in the Parties' shoes. Plaintiff may advance appropriate arguments about deterrence or sending a message to Defendants as related to the issue of punitive damages. Finally, the Court declines to bar Plaintiff's counsel from expressing his personal opinions concerning his client's case.

### V. Motion *in Limine* No. 5 to (Preclude Dismissal of Charges Against Plaintiff)

Defendants' fifth motion *in limine* seeks to preclude evidence, testimony, and argument that the District Attorney declined to pursue criminal charges against Plaintiff after the incident. ECF No. 99 at 1. Defendants urge that evidence of a prosecutor's decision not to charge a plaintiff is irrelevant to the defendants' conduct at the time of the incident. *Id.* (citation omitted). Further, they argue that such evidence is inadmissible under Rule 403, as any probative value is outweighed by unfair prejudice to Defendants and the risk of juror confusion. *Id.* at 1–2 (citations omitted).

In response, Plaintiff argues:

> Given that it is completely beyond dispute that [Plaintiff] was not prosecuted or convicted of the crimes alleged by Defendants, there is no probative value to keeping the jury in the dark about these facts; yet there is a substantial danger of unfair prejudice to Plaintiff if the jury is left to believe that he was prosecuted and convicted after Defendants issued him the Notice to Appear for two crimes.

ECF No. 109 at 2. Further, Plaintiff claims this evidence is relevant to the issue of Plaintiff's request for emotional distress damages, given that Plaintiff's stress and worry about whether he was going to be criminally charged only subsided two months after the arrest, when he was informed that the charges would not be pursued. *Id.* at 3. Plaintiff argues that this evidence would not be unduly prejudicial under Federal Rule of Evidence

403 because "[i]t would be clear to the jurors that this evidence was being admitted on the issue of damages only, and that the rejection of the criminal charges would not be relevant on the issue of probable cause for Plaintiff's arrest," and a limiting instruction could be used to address any concern in this regard. *Id.* (citing *McNally*, 2020 WL 209141, at *10–11).

"The Court finds merit in Plaintiff[']s argument that excluding all dismissal evidence is unfairly prejudicial to [his] case." *Cardinal v. Buchnoff*, No. 06CV0072-MMA BLM, 2010 WL 3339509, at *3 (S.D. Cal. Aug. 23, 2010). "[E]xcluding dismissal evidence allows the jury to speculate that [Plaintiff] was guilty of interfering with the performance of an officer's duties, an assumption that directly prejudices Plaintiff[']s[] . . . use of excessive force claim[]." *Id.* (footnote omitted). Further, as argued by Plaintiff, "Plaintiff seeks to introduce this evidence as it relates to the issue of damages, specifically Plaintiff's emotional distress. The fact that the charges were declined is also relevant 'because it tends to show that [Plaintiff] was subject to this distress unnecessarily or without justification.'" *McNally*, 2020 WL 209141, at *6 (citations omitted). Accordingly, the Court finds that the probative value of this evidence outweighs the potential prejudice and **DENIES** Defendants' fifth motion. Again, the Court will consider, as appropriate, a proposed limiting instruction concerning this issue.

## CONCLUSION

In light of the foregoing, the Court **VACATES** the June 16, 2022 hearing in the above-named matter; **GRANTS IN PART AND DENIES IN PART** the Parties' Motions *in Limine* (ECF Nos. 94–101), as set forth above; and **GRANTS** Defendants' Motion to Seal (ECF No. 93). The Court further **SETS** a status conference for August 11, 2022, at 1:30 p.m., to discuss the trial scheduled in this matter.

IT IS SO ORDERED.

Dated: June 15, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge